## IN THE COURT OF APPEALS OF IOWA

No. 13-0067
Filed June 11, 2014

**BENJAMIN GADDEH,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Benjamin Gaddeh appeals from the dismissal of his application for postconviction relief. **AFFIRMED.**

Darrell G. Meyer, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kimberly Griffith, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

Benjamin Gaddeh appeals from the dismissal of his application for postconviction relief. He argues the district court improperly granted the State's motion to dismiss part of his petition and the court erred in denying his claim that State's witnesses gave testimony under duress presented in the alternative as prosecutorial misconduct and ineffective assistance of counsel. We affirm the dismissal of his application for postconviction relief.

## I. Facts and proceedings.

This is the second time we have heard Gaddeh's case on appeal. We incorporate the facts written in the direct appeal here:

> The State charged Benjamin Gaddeh with first-degree burglary and second-degree criminal mischief after he entered his girlfriend's apartment and smashed a television and entertainment center. A jury found Gaddeh guilty of criminal trespass with damage and second-degree criminal mischief, and the district court imposed judgment and sentence.
> On appeal, Gaddeh contends the record lacks sufficient evidence to establish the dollar value required for the findings of guilt.

*State v. Gaddeh*, No. 11–0528, 2012 WL 666798, at *1 (Iowa Ct. App. Feb. 29, 2012).

Gaddeh filed an application for postconviction relief in June 2012 alleging three grounds: ineffective assistance of counsel, discrepancies in testimony, and witnesses testified under duress as a result of prosecutorial misconduct. The State moved to dismiss the application, claiming the issues were already decided in Gaddeh's direct appeal. The court held a hearing on the motion, dismissing the ineffective-assistance-of-counsel claim and the "discrepancies in testimony"

as failing to demonstrate a claim.[1] The court allowed the testimony-under-duress claim to continue to trial, though the State argued the claim, as clarified by Gaddeh, "just said [the witnesses] made different statements. It's just discrepancies again."

The court held trial on the remaining testimony-under-duress claim on December 10, 2012. Only Gaddeh testified. Gaddeh also offered into evidence deposition transcripts of the two witnesses he alleged testified under duress—Flomo and Darkaye[2]; during one of these depositions the following exchange occurred between the witness Flomo and Gaddeh's trial attorney:

> A: I will be in trouble, and I don't want to be in trouble. I don't want to go to jail.
> Q: What would you be in trouble for? A: Because maybe I'm lying.
> Q: Okay. What would be the lie? A: Maybe what I said against him was a lie.
> Q: Okay. And are you saying maybe because you're afraid that if you told the truth, that you might go to jail? A: What truth?

---

[1] The following exchange occurred between the court and Gaddeh's counsel, Mahoney, during the motion-to-dismiss proceeding:

> The Court: As I read the file, Ms. Mahoney, there are three bases for the PCR. First, is ineffective assistance of counsel which standing alone doesn't say much. Second is discrepancies in testimony. What is meant by that? What is meant by that?
> Mahoney: Your Honor, my understanding is he thinks that the— there are inconsistencies within each witness's testimonies and inconsistencies between the testimony.
> The Court: Well, that's already been decided adversely to him on appeal. There are always discrepancies in testimony.
> . . . .
> We are going to dismiss everything except the . . . claims of duress.
> . . . .
> He's entitled to at least his day to advance whatever claims he's got.

While the court does mention the decision on appeal, we interpret the court's statements of, "What is meant by that?" and "there are always discrepancies" to indicate the court's dismissal of the issue for failure to state a claim.

[2] At the postconviction hearing, Gaddeh's claim focused on Flomo.

> Q: Okay. What is the truth? What happened? A: What's happened, like, what's happened in my house?
>
> Q: Yes.

The witness proceeded to set forth her version of the events leading to the filing of charges against Gaddeh. At trial, Gaddeh's attorney cross-examined the witness about the exchange. At the postconviction trial, Gaddeh testified that the witness repeatedly cried and left the room with a prosecutor before her trial testimony.

The postconviction court dismissed the application for postconviction relief based on this exchange and Gaddeh's belief that prosecutorial misconduct occurred, noting he was not entitled to relief under the subsections of Iowa Code section 822 (2011), and even if 822.2(g) applied as an ineffective-assistance-of-counsel approach to this claim: "Any claim that attorney Hawbaker was ineffective has been dismissed by previous court order. The court further finds that attorney Hawbaker effectively cross-examined witness Flomo regarding her statements contained in the deposition shown above."

## II. Analysis.

> We normally review postconviction proceedings for errors at law. This includes summary dismissals of applications for postconviction relief. Applications for postconviction relief that allege ineffective assistance of counsel, however, raise a constitutional claim. We review postconviction proceedings that raise constitutional infirmities de novo.

*Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011) (internal citations omitted).

### A. Pretrial motion to dismiss.

Gaddeh first argues the court erred in granting the State's motion to dismiss his claim of ineffective assistance of counsel. Gaddeh claims the

dismissal was based on claim preclusion. The record of the motion to dismiss hearing, however, shows the court dismissed the claim because it did not allege any particular behavior constituting ineffective assistance of counsel. Our rules of summary judgment do not permit the nonmovant to rest on conclusory allegations in the pleadings in the face of a properly supported motion for summary judgment. *Id.* at 795. By claiming he was provided with ineffective assistance of counsel, Gaddeh was required to "establish counsel breached a duty and prejudice resulted." *See id.* at 794. Gaddeh's bare assertion of ineffective assistance—with no indication what behavior by counsel constituted ineffective representation—was properly dismissed by the postconviction court.

### B. Prosecutorial misconduct under Iowa Code section 822.2

Gaddeh next argues the district court erred when it held Gaddeh's allegation that prosecutorial misconduct caused the witnesses to testify under duress was not a proper ground for relief under our postconviction relief statute. Gaddeh points to several cases considering prosecutorial misconduct in a postconviction case; however, these cases were either brought as ineffective-assistance-of-counsel claims based on failure to object to prosecutorial misconduct or were argued on direct appeal. *See State v. Krogmann*, 804 N.W.2d 518, 526 (Iowa 2011); *Bowman v. State*, 710 N.W.2d 200, 204 (Iowa 2006); *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). The postconviction court heard the testimony and admitted the exhibits regarding the claim of testimony under duress or prosecutorial misconduct as Gaddeh now frames the issue. While the court did find "[a] claim that witnesses were under duress at the time of testimony is not included as a ground for relief under [Iowa Code section

822.2]," the court also ruled on the evidence, and Gaddeh's claim of error therefore is moot.

### C. Cross-examination and prosecutorial misconduct

Finally, Gaddeh argues: "The District Court erred in holding that witness testimony obtained under duress of prosecutorial misconduct is not prejudicial if subject to Defense cross-examination at trial." We find this argument mischaracterizes the ruling of the district court. The court dismissed the application based on its finding that Gaddeh's trial attorney effectively cross-examined the witness Flomo regarding the deposition statements which Gaddeh relies upon to support his theory that she testified under duress. The court found no evidence to support the claim of duress. We agree. Gaddeh and his counsel were aware of the witness's reluctance to testify before the trial, and took advantage of the opportunity to cross-examine her about her statements in the presence of the jury. Despite these opportunities, no credible evidence shows witness was improperly pressured into testifying.

To the extent we can construe Gaddeh's brief as raising ineffective assistance of trial counsel for failure to object to prosecutorial misconduct at trial, he has not met his burden to show prejudice. He asserts, "Prosecutorial misconduct is prejudicial where it relates to critical issues in the State's case." This conclusory claim of prejudice is not sufficient to support a claim of ineffective assistance of counsel. *See State v. Tate*, 710 N.W.2d 237, 241 (Iowa 2006).

**AFFIRMED.**