## IN THE COURT OF APPEALS OF IOWA

No. 13-1115
Filed September 10, 2015

**TIMOTHY D. YOUNG,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Mitchell E. Turner, Judge.

Timothy Young appeals from the dismissal of his second application for postconviction relief. **AFFIRMED.**

Eric D. Tindal of Nidey, Erdahl, Tindal, & Fisher, P.L.C., Williamsburg, for appellant.

Timothy D. Young, Fort Madison, pro se.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Robert A. Hruska, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

This is an appeal from the district court's dismissal of Timothy Young's second application for postconviction relief in which he challenges his 1998 convictions for first-degree burglary and second-degree sexual abuse.

**I. Background Facts.**

Young's burglary and sexual-abuse convictions were affirmed on appeal. *State v. Young*, No. 98-0422, 1999 WL 34774386 (Iowa Ct. App. Feb. 24, 1999).

Young filed his first application for postconviction relief in May 2002 and raised issues of ineffective assistance of his criminal trial and appellate counsel. This court affirmed the district court's rejection of those claims. *See Young v. State*, No. 06-0763, 2007 WL 3376830 (Iowa Ct. App. Nov. 15, 2007).

Young filed his second application for postconviction relief in June 2008. His application alleged (1) the criminal trial jury instructions were erroneous, (2) his criminal trial counsel was ineffective in failing to object to the erroneous instructions, (3) appellate counsel was ineffective in failing to make that ineffective-assistance-of-counsel claim, and (4) prior postconviction counsel was ineffective in failing to raise these issues. Counsel was appointed to represent Young, and an amended application for postconviction relief was filed on December 8, 2009. In the amended second application, Young asserts his conviction is in violation of his right to due process in that the criminal trial court failed to instruct the jury on lesser-included offenses and thus the jury instructions were defective and Young was denied the effective assistance of counsel because prior counsel failed to object to the trial court's jury instructions to preserve the error on the record.

On December 22, 2009, the State moved to dismiss the second postconviction application. The State noted this court previously rejected Young's claims regarding improper jury instruction. The State asserted: "All grounds for relief available to Applicant for postconviction relief must be raised in the Applicant's original, supplemental or amended application. Any ground either finally adjudicated or not raised may not be the basis for a subsequent application." Further, "absent a showing of sufficient reason to permit a subsequent application, this action must be dismissed."

On February 3, 2010, the district court issued a ruling giving Young notice it intended to dismiss the application "unless the Applicant can clarify for the Court that the issues regarding jury instructions forming the basis for the pending Application have not been finally disposed of by the Iowa Court of Appeals" in its ruling on the appeal of his first application for postconviction relief. After Young responded, the court found there were errors in the lesser-included-offense instructions given at the criminal trial. The court observed the error was "subject to harmless error analysis" and that it "must still determine whether the failure to raise the errors in the instructions previously was the result of ineffective assistance of counsel." The court thus found the "State [was] not entitled to summary disposition at this juncture."

A hearing was held on March 5, 2013. Young's criminal trial counsel testified, and the transcripts from the criminal trial were submitted into evidence. At the close of Young's evidence, the State moved for a directed verdict on grounds the application was barred by the three-year limitation period and that no new fact or law had been shown. The postconviction court took the motion under

advisement. The State then called Young as a witness. Both parties submitted written posttrial briefs.

On May 8, 2013, the court issued an extensive ruling dismissing Young's second application for postconviction relief. The court observed:

> [A]bsolutely no testimony was received in the Applicant's case-in-chief referable to the jury instructions, the appropriate lesser included offenses, the nature of any other alleged instances of ineffective assistance of counsel either at the trial level, or the appellate level, (including postconviction relief counsel), the claimed resulting prejudice to Mr. Young, or any mention of any alleged *Miranda* violations. Perhaps more significantly, absolutely no evidence was presented referable to any changes in the law or any newly discovered evidence which could provide an arguable exception to the three-year statute of limitations contained in Section 822.3, Code of Iowa. Similarly, no testimony or evidence was presented which even addressed the issue of why Mr. Young's present grounds for requested relief were not raised in his prior direct appeal or prior postconviction relief action.

The postconviction court concluded the claims made in Young's second application were barred by Iowa Code sections 822.3 and 822.8 (2007). The court ruled, "The legal and factual underpinning of this second postconviction relief action were in existence during the three-year period of limitations and could have been addressed in the Applicant's direct appeal or first postconviction action." And further, "Mr. Young did, nominally, plead the exception [that he was not or should not have been alerted to the potential claim] but utterly failed to prove that this was a ground of fact or law which could not have been raised within the three-year limitations period."

Nonetheless, the court addressed each of the application's claims and denied the application for postconviction relief. The court also ruled on Young's

pro se motion to enlarge findings and rejected additional claims made. Young appeals.

## II. Scope and Standard of Review.

> "We normally review postconviction proceedings for errors at law." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). "This includes summary dismissals of applications for postconviction relief." *Id.* However, applications that allege ineffective assistance of counsel raise a constitutional issue that must be reviewed de novo. *Id.* In determining whether summary disposition is warranted, the moving party has the burden of establishing the material facts are undisputed. *Id.* We examine the facts in the light most favorable to the nonmoving party. *Id.*

*Lopez-Penaloza v. State*, 804 N.W.2d 537, 540-41 (Iowa Ct. App. 2011).

## III. Discussion.

Young asserts on appeal that the postconviction court erred in concluding this second application is barred. He asserts the State waived the defense. He also contends the court erred in finding he had suffered no prejudice as a result of faulty jury instructions. In a pro se appellate brief, Young also maintains he sufficiently alleged his first postconviction counsel and counsel on that appeal were ineffective, which provides grounds to reach the merits of his claims—improper lesser-included jury instructions, conviction by insufficient evidence, an improper "dangerous weapon" instruction, and the criminal trial court lacked subject matter jurisdiction as a result of due process violations.

Iowa Code section 822.3 requires an individual seeking postconviction relief to file an application within three years from the date the conviction is final. "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. The postconviction court did not err in concluding Young had failed to establish his

claims could not have been raised within the applicable time period. *See Perez v. State*, 816 N.W.2d 354, 360 (Iowa 2012) (noting to avoid the three-year limitations period, the applicant must be asserting a ground of fact or law that "could not have been raised" earlier); *Lopez-Penaloz*, 804 N.W.2d at 542 (same). The defense was raised in sufficient time for Young to present additional evidence and argument on the issue. Young did not ask for additional time to present evidence, only additional time to submit a written brief on the issue—which was granted. We therefore affirm the denial of his second application for postconviction relief.

**AFFIRMED.**