# IN THE SUPREME COURT OF IOWA

No. 09–0332

Filed April 1, 2011

**MARK ANGELO CASTRO,**

    Appellant,

vs.

**STATE OF IOWA,**

    Appellee.

---

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Applicant appeals from district court's ruling dismissing his application for postconviction relief following entry of his guilty plea. **DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender, and Thomas J. Gaul, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin R. Cmelik, Assistant Attorney General, John P. Sarcone, County Attorney, and Frank Severino, Jr., Assistant County Attorney, for appellee.

**CADY, Chief Justice.**

In this appeal, we consider whether an application for postconviction relief from a judgment and sentence imposed in a criminal case based on a plea of guilty was properly dismissed on summary adjudication. On our review, we affirm the decision of the district court in part, reverse in part, and remand for further proceedings.

### I. Background Facts and Proceedings.

Mark Castro was charged by the State with five counts of sexual abuse in the second degree in violation of Iowa Code section 709.1 and 709.3(2) (2005). He subsequently pled guilty to five counts of sexual abuse in the third degree in violation of Iowa Code sections 709.4. The crimes involved repeated sexual contact with a seven-year-old girl over a period of approximately four months. Castro lived in an apartment with the child's grandmother, and the abuse occurred when the child visited her grandmother. Castro made numerous incriminating statements to police during their investigation. The statements were made after Castro was informed of his *Miranda* rights and signed a written waiver of those rights.

The district court accepted Castro's plea of guilty after considering his answers to a series of questions propounded by the court. Based on the colloquy, the court found Castro entered his plea voluntarily, understood his rights, and understood the consequences of his plea. In the course of the colloquy, Castro told the court he was not under the influence of any medication that impaired his ability to clearly think. He did inform the court he was taking medication for high blood pressure, depression, and anxiety. Yet, he assured the court the medication did not impair his ability to understand his decision to plead guilty or the proceedings. Castro identified the medication as Atenolol, Lexapro, and Ativan. Castro was sentenced to incarceration for five consecutive ten-year terms.

Castro filed an application for postconviction relief after he began serving his sentences. He alleged three grounds relevant to this appeal to support his application. Castro first alleged the guilty plea was involuntary and unintelligent because his trial attorney failed to devote adequate time to the investigation of his case prior to the plea. Castro next alleged the guilty plea was involuntary and unintelligent because his trial attorney failed to investigate whether his mental health and medication regimen supported a diminished-capacity defense to the crime or rendered his incriminating statements involuntary and inadmissible. Finally, Castro alleged his guilty plea was rendered involuntary and unintelligent because his drug regimen was altered just prior to the time he entered his plea and his state of mind rendered him incompetent to fully understand the proceedings. Castro attached numerous documents to his application for postconviction relief. These documents primarily detailed the pharmacology, purpose, warnings, precautions, and other information about the drugs he was taking. Castro cited no particular information from the documents to support his claim.

The State moved for summary judgment. First, it asserted the initial two grounds alleged by Castro could not support postconviction relief as a matter of law because the claims did not pertain to matters intrinsic to the plea of guilty. As such, the State claimed Castro was prohibited from challenging alleged constitutional infirmities of the pre-plea actions or inactions of his trial counsel in a postconviction relief proceeding because such challenges were waived by pleading guilty and failing to file a subsequent motion in arrest of judgment. Second, the State claimed the plea colloquy adequately showed Castro's medication regimen had no effect on the voluntariness or understanding of his plea of guilty.

Castro resisted the motion for summary judgment. While the resistance largely focused on allegations pertaining to the conduct

amounting to ineffective assistance of counsel, Castro did allege his "guilty plea was not voluntary, knowing[], and intelligent[] due to ineffective assistance of counsel." The resistance also asserted factual issues existed concerning the effect of his medication regimen on his ability to understand the plea proceedings, and a hearing was necessary so the factual dispute over the effects of his medication regimen could be resolved by medical testimony.

The district court granted summary judgment. It found the first two claims brought by Castro involving the acts or inactions of trial counsel were not intrinsic to the guilty plea and were waived as a matter of law. Second, the court determined the prior plea colloquy established Castro's medication regimen did not render his guilty plea involuntary or unintelligent, and Castro failed to come forward with sufficient evidence to generate a genuine factual dispute over the issue to overcome the prior finding by the trial court that the plea was voluntary and intelligent. Unlike the first two grounds, the court recognized this third ground for relief was intrinsic to the plea. Yet, it concluded Castro introduced no facts or opinions to support a connection between the medication regimen or change in medication and an inability to voluntarily and intelligently enter a plea of guilty to warrant a hearing.

On appeal, Castro claims the district court erred by categorically rejecting his first two claims of ineffective assistance of counsel. He claims the allegation supporting the two grounds show they were intrinsic to the plea of guilty, which entitled him to a hearing on the merits. Furthermore, he claims the third ground for relief concerning his ability to enter a voluntary and intelligent guilty plea due to the effect of his drug regimen on his state of mind during the time of his plea presented an issue of material fact giving rise to the need for an evidentiary hearing.

## II. Standard of Review.

We normally review postconviction proceedings for errors at law. *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010). This includes summary dismissals of applications for postconviction relief. *Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002). Applications for postconviction relief that allege ineffective assistance of counsel, however, raise a constitutional claim. *State v. Nitcher*, 720 N.W.2d 547, 553 (Iowa 2006). We review postconviction proceedings that raise constitutional infirmities de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). In determining whether summary judgment is warranted, the moving party has the burden of proving the material facts are undisputed. *Kolarik v. Cory Int'l Corp.*, 721 N.W.2d 159, 162 (Iowa 2006). We examine the facts in the light most favorable to the nonmoving party. *Id.*

## III. Discussion.

Generally, a criminal defendant waives all defenses and objections to the criminal proceedings by pleading guilty, including claims of ineffective assistance of counsel. *Wise v. State*, 708 N.W.2d 66, 70 (Iowa 2006). One exception to this rule involves irregularities intrinsic to the plea—irregularities that bear on the knowing and voluntary nature of the plea. *Id.*

In *State v. Carroll*, 767 N.W.2d 638, 642 (Iowa 2009), we clarified how the intrinsic-irregularity exception applies to postconviction relief claims of ineffective assistance of counsel predicated on the failure of counsel to perform certain pre-plea tasks that ultimately render the plea involuntary or unknowing. This clarification was a response to our opinion in *State v. Speed*, 616 N.W.2d 158 (Iowa 2000), in which we said "claims arising from . . . counsel's failure to investigate or file a motion to suppress do not survive the entry of a guilty plea." *Speed*, 616 N.W.2d at 159. In *Carroll*, we explained that ineffective-assistance-of-counsel claims survive the guilty plea

when a postconviction relief applicant can show trial counsel breached a duty in advance of the guilty plea that rendered the plea involuntary or unintelligent. *Carroll*, 767 N.W.2d at 644. Thus, the distinction between ineffective-assistance-of-counsel claims that do not survive a guilty plea as illustrated in *Speed* and those that do survive is the existence of a showing that the pre-plea ineffective assistance of counsel rendered the plea involuntary or unintelligent. The component of the claim involving the voluntariness of the plea is largely tied to the prejudice element of all ineffective-assistance-of-counsel claims. *Id.* This element means criminal defendants who seek postconviction relief after pleading guilty must establish the guilty plea would not have been entered but for the breach of duty by counsel. *Id.* Thus, when a postconviction relief claim following a guilty plea is properly alleged, a case-by-case analysis is necessary "to determine whether counsel in a particular case breached a duty in advance of a guilty plea, and whether any such breach rendered the defendant's plea unintelligent or involuntary." *Id.*

**A. Allegations Derived From Failure to Investigate and Failure to File a Motion to Suppress.** The district court found the first two claims for postconviction relief brought by Castro did not relate to the voluntariness of the plea, but only pertained to the constitutional deficiencies of the actions or inactions of his trial counsel. As such, it concluded the claims were waived when Castro entered a plea of guilty and failed to subsequently file a motion in arrest of judgment. Thus, the district court accepted Castro's allegations of ineffective assistance of counsel as true for purposes of summary judgment, but found no cause of action existed as a matter of law.

The standards for summary judgment in postconviction relief actions are analogous to summary judgment in civil proceedings. *Ridinger v. State*, 341 N.W.2d 734, 736 (Iowa 1983). Under these standards, summary

judgment is proper when the record reveals only a conflict over the legal consequences of undisputed facts. *Wallace v. Des Moines Indep. Cmty. Sch. Dist. Bd. of Dirs.*, 754 N.W.2d 854, 857 (Iowa 2008). The moving party is required to affirmatively establish that the undisputed facts support judgment under the controlling law. *McVey v. Nat'l Org. Serv., Inc.*, 719 N.W.2d 801, 802 (Iowa 2006).

The summary judgment record reveals Castro's application for postconviction relief and his resistance to the motion for summary judgment alleged the plea was involuntary and unintelligent "due to ineffective assistance of counsel" because counsel failed to properly investigate Castro's mental state and file a motion to suppress evidence. These allegations were sufficient to state a cause of action based on claims that were intrinsic to the plea. They related to irregularities that affected the voluntary nature of the plea. Importantly, the State did not further challenge the sufficiency of Castro's allegations or the absence of evidence to support the allegations. Instead, the State only argued the claims did not survive Castro's guilty plea. Likewise, the district court found the claims were waived because they were based on pre-plea conduct of counsel. Yet, this conclusion failed to distinguish pre-plea ineffective-assistance-of-counsel claims properly tied to the voluntariness or intelligence of the plea. *See Carroll*, 767 N.W.2d at 644 ("Only through a case-by-case analysis will a court be able to determine whether counsel in a particular case breached a duty in advance of a guilty plea, and whether any such breach rendered the defendant's plea unintelligent or involuntary.").

On appeal, the State changes its challenge by arguing Castro failed to sufficiently tie his ineffective-assistance-of-counsel claims to the voluntariness of his plea. Specifically, the State argues on appeal Castro failed to include an allegation that he would not have pled guilty if he would

have received effective assistance of counsel but instead would have proceeded to trial. The State asserts Castro was required to make this allegation to overcome a motion for summary judgment.

As we recognized in *Carroll*, all postconviction relief applicants who seek relief as a consequence of ineffective assistance of counsel must establish counsel breached a duty and prejudice resulted. *Id.* The burden to prove the prejudice element ultimately requires a postconviction relief applicant who has entered a plea of guilty to establish a reasonable probability of a different outcome (stand for trial instead of pleading guilty) if the breach had not occurred. *Id.* Yet, the State in this case had the burden in moving for summary judgment to show it was entitled to summary judgment as a matter of law. The State did not attack Castro's claim for postconviction relief by arguing the undisputed facts showed he would have pled guilty even in the absence of a breach of duty or by arguing there was no evidence to support a claim that Castro would not have pled guilty in the absence of ineffective assistance of counsel. Instead, the State only sought summary judgment on the basis that the underlying grounds for relief on the first two claims were not intrinsic to the plea and had been waived.

When a motion for summary judgment seeks judgment on the basis that the plaintiff's claim does not provide relief as a matter of law, the plaintiff is only required to resist the motion by responding to those elements of the claim for relief under attack. *See* Iowa Ct. R. 1.981(3), (5). Any other approach could deprive the nonmovant of the opportunity provided under the rules of summary judgment to address the actual grounds for summary judgment. *Id.* Similarly, a party who has successfully moved for summary judgment may not raise different grounds on appeal to support summary judgment than those raised before the district court. *See DeVoss v. State*, 648 N.W.2d 56, 62–63 (Iowa 2002) (recognizing only grounds urged in the

district court are considered on appeal). These principles are applicable to this case and direct the outcome.

The State attacked Castro's claim for postconviction relief as one that broadly fell within the categories of pre-plea ineffective-assistance-of-counsel claims addressed in *Speed* that are waived by pleading guilty. As such, Castro was only required to resist the motion by showing his claim was connected to the voluntariness of his plea. Because Castro properly made this showing, the district court improperly granted summary judgment.

**B. Allegation That Medication Rendered the Plea of Guilty Involuntary and Unintelligent.** Castro's third claim on postconviction relief alleged the medication he was taking prior to the hearing rendered his guilty plea involuntary and unintelligent. The district court premised its summary judgment ruling on the contrary finding in the plea colloquy establishing Castro was not affected by the specific medications he was taking at the time. The colloquy included a specific inquiry regarding Castro's medications and whether Castro believed he understood the proceedings and the guilty plea. The State asserts this finding supported summary judgment, and Castro failed to come forward with evidence to show a factual dispute existed over the voluntariness of the plea.

Our rules of summary judgment do not permit the nonmovant to rest on conclusory allegations in the pleadings in the face of a properly supported motion for summary judgment. Iowa Ct. R. 1.981(5) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the pleadings . . . ."). A responsive showing must be made that would allow a reasonable fact finder to conclude in favor of the nonmovant on the claim. *See Parish v. Jumpking, Inc.,* 719 N.W.2d 540, 545 (Iowa 2006) (stating the requirement for a response to a motion for summary judgment must assert

genuine issues of facts, which are sufficient if "a reasonable fact finder could return a verdict or decision for the nonmoving party based upon those facts"). In making this showing, the nonmovant is entitled to all reasonable inferences from the summary judgment record. *Schneider v. State*, 789 N.W.2d 138, 144 (Iowa 2010).

A plea colloquy that covers the specific ground subsequently raised in a postconviction relief application would normally support summary judgment on those grounds. *See Wise*, 708 N.W.2d at 71 (indicating that statements made to court in plea colloquy establish a presumption of the true facts on the record). Notwithstanding, Castro claimed summary judgment was improper in this case for two reasons. First, he claims summary judgment was improper because he alleged additional facts in the summary judgment proceedings not disclosed in the prior plea colloquy— that his medication regimen was altered just prior to the time he entered his plea of guilty. Second, he claims summary judgment was improper because the background information he submitted concerning the medication he was taking, together with the evidence of the change in his medication regimen just prior to his plea, entitled him to a hearing to permit him to produce a medical expert to resolve the issue of the voluntariness of his plea.

The inference Castro seeks to establish in resistance to the State's motion for summary judgment is that the alteration of his medication caused his plea to be involuntary or unintelligent. Yet, such an inference would normally be speculative without the support of a medical expert. *See Ranes v. Adams Labs., Inc.*, 778 N.W.2d 677, 688 (Iowa 2010) (expert medical testimony "unquestionably required" to assist in determining complicated issues of causation). An inference to create a triable issue in response to a motion for summary judgment cannot be based on conjecture or speculation. *See Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d

1480, 1482 (11th Cir. 1985) ("In considering a motion for summary judgment, . . . [a]ll reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable." (Citations omitted.)). In this case, evidence that Castro's medication regimen was altered and general background information about the medication he was taking would not, alone, allow a reasonable fact finder to conclude the guilty plea he entered was not voluntary or intelligent. While there might be some circumstances when a causation inference could be drawn between the consumption of drugs and the voluntariness of a plea without expert testimony, a layperson does not possess the knowledge to reasonably draw such an inference under the circumstances of this case. Here, the drugs involved a regimen of multiple prescription medications that were allegedly altered or not taken prior to the plea proceedings. A layperson could not reasonably conclude such a change in the regimen of the drugs rendered the plea involuntary or unintelligent. Thus, Castro's allegations were insufficient to withstand summary adjudication under the circumstances.

Moreover, when the State produces evidence of the district court's finding during the colloquy that the medication did not affect the voluntariness of Castro's plea, our rules of summary judgment do not allow Castro to wait until the postconviction relief hearing to produce a medical expert to counter the State's motion. Castro is required to produce sufficient medical evidence in resistance to the motion to support a factual dispute and failed to do so. The district court properly granted summary judgment on the third ground for relief.

**IV. Conclusion.**

We affirm the district court in part and reverse the decision of the district court in part. The case is remanded to the district court for further proceedings.

**DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED.**

All justices concur except Waterman, Mansfield, and Zager, JJ., who take no part.