# IN THE COURT OF APPEALS OF IOWA

No. 13-1722
Filed October 29, 2014

**ROGER WILLIAM CONRAD,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Roger Conrad appeals from the district court's denial of his application for postconviction relief. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kim Griffith, Assistant County Attorney, for appellee State.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, P.J.**

Roger Conrad appeals from the district court's denial of his application for postconviction relief. Conrad asserts postconviction counsel was ineffective for failing to present testimony from Conrad's second trial attorney and second appellate counsel. We conclude postconviction counsel had no duty to call either of these witnesses, given neither attorney's testimony would have changed the outcome of the postconviction proceeding. Consequently, we affirm the district court's denial of Conrad's application for postconviction relief.

On September 22, 2009, police arrived at Conrad's residence following a complaint regarding the odor of ammonia. Conrad gave police permission to search his residence, after which authorities found methamphetamine, many tools used in the manufacture of methamphetamine, and multiple firearms.

Conrad was charged with manufacturing more than five grams of methamphetamine while in possession of an offensive weapon and possession of a firearm, possession with intent to deliver more than five grams of methamphetamine while in possession of a firearm, possession of pseudoephedrine with intent to manufacture, possession of lithium with intent to manufacture, possession of anhydrous ammonia with intent to manufacture, possession of an offensive weapon (sawed-off shotgun), and possession of marijuana. On August 5, 2010, Conrad appeared in court with the intent to plead guilty, but then decided not to do so, after which his attorney withdrew. The State also withdrew the plea agreement. On January 31, 2011, Conrad again appeared in court with another attorney, and pleaded guilty to manufacturing more than five grams of methamphetamine while in possession of a firearm, as

well as the other four felony charges. The State agreed to dismiss the "offensive weapon" enhancement of the manufacturing charge. The remaining charges—possession of marijuana and possession of methamphetamine with intent—were also dismissed. The district court sentenced Conrad to a term of incarceration not to exceed fifty years on the manufacturing conviction and five-year sentences on the remaining convictions, all to run concurrently with each other. Conrad appealed, and the supreme court dismissed the appeal as frivolous.

Conrad filed an application for postconviction relief on June 1, 2012, which was later amended to assert three claims: (1) trial counsel failed to effectively challenge the allegation concerning immediate possession of a firearm; (2) trial counsel failed to present a plea offer from the county attorney, in which Conrad was allegedly offered a twenty-five year sentence; and (3) trial counsel failed to request a presentence investigation report be ordered. Following a hearing on September 18, 2013, the district court denied Conrad's application. Conrad appeals, though not from the court's ruling; rather, he asserts postconviction counsel was ineffective for failing to call the second trial counsel—that is, the attorney representing Conrad at his plea and sentencing, as a witness—as well as his second appellate counsel, who allegedly wrote a letter questioning whether Conrad had received notice of all the plea offers from his first trial attorney.[1]

---

[1] The letters were attached to the amended application. The pertinent portion of the first letter reads:

> [Mr. Roquet] mentioned an issue that I probably can't cover in this appeal, but I feel a responsibility to bring to your attention. He said that at one point, with your first attorney, you had an offer of 25 years with only one-third mandatory minimum. He is of the belief that you were not made aware of this offer until after it had expired. I believe there is a very

We review ineffective-assistance-of-counsel claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To succeed on this claim, the defendant must show, first, that counsel breached an essential duty, and, second, that he was prejudiced by counsel's failure. *Id.* The applicant bears the burden of establishing his ineffective-assistance claim by a preponderance of the evidence. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

Conrad has failed to carry his burden of proving prejudice by showing the outcome of the proceeding would have been different had postconviction counsel called either attorney as a witness. At the hearing, Conrad testified that at one point his second appellate counsel informed him that his pretrial release supervisor had told him there was a plea offer of twenty-five years, which Conrad claims he would have accepted. However, the prosecuting attorney for the State testified that no such offer had ever been on the table. Moreover, Michael Roquet, a Department of Corrections supervisor on whom Conrad relied when claiming there had been talk of a twenty-five year plea deal, testified as follows:

> Q: Now, there is an issue presented that when Mr. Conrad prosecuted his appeal to the Iowa Supreme Court which was dismissed, that his appellate counsel claimed that you somehow

---

recent United States Supreme Court case that you could use in a postconviction-relief action to make the state of Iowa go back to the point where that offer was on the table. To do that, you would have to prove that your first attorney never informed you of that offer and so you did not have any real opportunity to consider and accept that offer.

The second letter states:

I am puzzled about one thing and the record of your proceedings. According to your first attorney's motion to withdraw he negotiated a settlement of your case and he informed you of this potential plea agreement. He also states in his motion that after you were informed of this potential plea agreement, you agreed to it and then you withdrew your agreement. When I spoke with your pretrial release officer Mr. Roquet, it was his impression that you were never informed of the plea offer and that [original trial counsel] never talked to you.

were privy to . . . .  That you were somehow privy to the claim that Mr. Conrad was, in fact, offered 25 years instead of 40.  Is that true?  A: I'm not aware of that as a conversation, no.

Q. Do you know where his appellate counsel would have got that information from any place other than from you or Mr. Conrad? A: The only thing would have been typically in some of the methamphetamine cases they would speak of 25 years with a mandatory third if he would enter a plea.

Q. And did you ever have a conversation with the appellate attorney?  A: I never did.

Conrad then argues that postconviction counsel's failure to call his second trial counsel as a witness prejudiced him because "the Court had nothing else to rely upon but the self-serving testimony of [the prosecuting attorney]."  However, his first trial attorney did testify that no such twenty-five year offer was ever conveyed to him.  Conrad makes no other argument, nor provides any basis supporting his claim of such a plea offer, and thereby cannot demonstrate prejudice.  Bare allegations of prejudice do not amount to carrying the applicant's burden of proof.  *See Castro v. State*, 795 N.W.2d 789, 795 (Iowa 2011).  Here, nothing in the record shows the outcome of the postconviction proceeding would have been different had his second trial counsel testified, particularly given Conrad was not even able to articulate how her performance was in any way deficient.[2]

The same is true regarding appellate counsel—Conrad has failed to articulate any grounds on which we could find the outcome of the proceeding

---

[2] Specifically, the following exchange occurred between Conrad and postconviction counsel during the hearing, regarding trial counsel's alleged ineffectiveness:

Q: You said in your original application . . . that [trial counsel] . . . did something wrong when you pled guilty and got your 50-year sentence?  A: Well, she told me if I didn't that they were going to charge me with 75.  She scared me into taking the 50.

. . . .

Q: So what did she do wrong?  A: It wasn't much of a bargain I don't think.

would have been different had he testified. The postconviction court was presented with three witnesses who were privy to the proceedings during which time Conrad claims a more favorable plea was discussed; all denied Conrad's allegations. The combined testimony presented during the course of the hearing demonstrates the district court had ample information on which to rely when concluding Conrad was not in fact offered a plea deal of twenty-five years. Consequently, Conrad has not met his burden showing postconviction counsel was ineffective for failing to call either attorney as a witness, and we affirm the district court's denial of his application for postconviction relief.

**AFFIRMED.**