**IN THE COURT OF APPEALS OF IOWA**

No. 12-2011
Filed November 26, 2014

**MICHAEL JON WINTERS,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

      Appeal from the Iowa District Court for Cerro Gordo County, Rustin T.

Davenport, Judge.


      Michael Winters appeals the district court's denial of his application for

postconviction relief. **AFFIRMED.**


      Chad R. Frese of Kaplan & Frese, L.L.P., Marshalltown, for appellant.

      Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney

General, and Carlyle D. Dalen, County Attorney, for appellee.


      Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, P.J.**

Michael Winters appeals the district court's denial of his application for postconviction relief (PCR). We affirm.

The record from the original proceedings shows a thorough colloquy establishing a factual basis for the plea and that the plea was given knowingly, intelligently, and voluntarily. The record also establishes Winters filed a motion in arrest of judgment and the plea-taking judge found insufficient grounds to grant the motion. Our supreme court subsequently dismissed Winters's direct appeal as frivolous.

Winters subsequently filed this PCR application. At the trial on this matter, he claimed he proved both parts of the test to show that he received ineffective assistance of counsel before and at the time he pled guilty pursuant to a plea agreement. He claims lack of communication and inability to work with his attorney resulted in him not receiving competent counsel and that he was prejudiced as a result. He was the only witness at trial. The trial court found:

> Winters did not testify that [plea counsel] failed to properly communicate the details of the plea offer or that she did not provide advice regarding the sentence under the plea agreement in contrast [to] the possible sentence with[out] the plea agreement. Although his testimony was unclear, it seems that [plea counsel] provided advice regarding the advantages of the plea agreement. There was no evidence, besides Winters' own testimony, that such advice was not appropriate. There was no evidence that his attorney somehow forced him to agree to the proposed plea agreement. There was no evidence presented to overcome the presumption that Winters' attorney performed her duties in a competent manner.

Our supreme court has explained:

The component of the claim involving the voluntariness of the plea is largely tied to the prejudice element of all ineffective-assistance-of-counsel claims. This element means criminal defendants who seek postconviction relief after pleading guilty must establish the guilty plea would not have been entered but for the breach of duty by counsel. Thus, when a postconviction relief claim following a guilty plea is properly alleged, a case-by-case analysis is necessary to determine whether counsel in a particular case breached a duty in advance of a guilty plea, and whether any such breach rendered the defendant's plea unintelligent or involuntary.

*Castro v. State*, 795 N.W.2d 789, 793 (Iowa 2011) (citations and quotation marks omitted).

In the present case, the PCR court found there was a lack of evidence that counsel was in any way ineffective and that even if Winters had proven a failure to perform an essential duty, he could not and did not prove any prejudice. On our review of the record we agree, and pursuant to Iowa Court Rule 21.26(1)(d), we affirm.

**AFFIRMED.**