# IN THE COURT OF APPEALS OF IOWA

No. 14-1177
Filed August 5, 2015

**KIMBERLY ANN CHIAVETTA,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Linn County, Nancy A.
Baumgartner, Judge.


        Kimberly Chiavetta appeals the denial of her application for postconviction
relief. **AFFIRMED.**


        Wallace L. Taylor of Law Offices of Wallace L. Taylor, Cedar Rapids, for
appellant.

        Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney
General, Jerry Vander Sanden, County Attorney, and Robert Hruska, Assistant
County Attorney, for appellee State.


        Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

Kimberly Chiavetta appeals the denial of her application for postconviction relief. She argues the district court erred in rejecting her claims that her criminal trial attorneys were ineffective in not presenting evidence that her statement to police was unreliable, presenting the defense that her deceased husband injected himself with insulin and caused his own death by an overdose, and requesting a jury instruction on voluntary manslaughter.

"'[W]hen the applicant asserts claims of a constitutional nature, our review is de novo. Thus, we review claims of ineffective assistance of counsel de novo.'" *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (quoting *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001)).

"[A]ll postconviction relief applicants who seek relief as a consequence of ineffective assistance of counsel must establish counsel breached a duty and prejudice resulted." *Castro v. State*, 795 N.W.2d 789, 794 (Iowa 2011).

The district court rejected Chiavetta's first assertion of ineffectiveness—that counsel failed to argue her statements to police (in which she confessed having injected her husband with insulin) were not reliable—on grounds that her two trial counsel had moved to suppress her statements on grounds they were not voluntarily made. That challenge was unsuccessful in the trial court and upheld on appeal. *See State v. Chiavetta*, No. 05-1911, 2007 WL 1828323, at *3-4 (Iowa Ct. App. June 2, 2007). On direct appeal, we stated:

> Additionally, the court addressed the physician's concerns about Chiavetta's fragile mental condition, noting the physician did not have specific information on what, if any, drugs were still in her system. The court pointed out that several witnesses, including the

physician, testified Chiavetta was alert and oriented on the day of questioning.

In addition to these factors, we note that Chiavetta's drug overdose occurred two days earlier of her own volition. *Countryman*, 572 N.W.2d at 558 ("It was of her own volition that [the defendant] ingested any drugs affecting her."). As soon as she was admitted to the hospital, Chiavetta was given charcoal to deactivate those drugs.

On the day of the interview Chiavetta was taking an antidote to Tylenol, which was found in her system, a medication to protect her stomach against ulcers, a medicine to prevent blood clots, and an antibiotic for possible pneumonia. An anti-depressant was not started until the day after the interview. The record contains no indication that the drugs administered at the hospital caused confusion or lack of orientation.

*Id.* at *4. We are unable to discern how her present claim differs substantively from the arguments previously rejected.

As for her claim that trial counsel did not present a defense that her husband injected himself, the postconviction court found that the defense presented was reasonable "given the evidence the State had against her." We agree. As observed in *Lamasters*, 821 N.W.2d at 866,

"[W]e measure the attorney's performance against 'prevailing professional norms.'" We start with the presumption that the attorney performed competently and proceed to an individualized fact-based analysis. "[I]neffective assistance is more likely to be established when the alleged actions or inactions of counsel are attributed to a lack of diligence as opposed to the exercise of judgment." "Improvident trial strategy, miscalculated tactics or mistakes in judgment do not necessarily amount to ineffective counsel." "When counsel makes a reasonable tactical decision, this court will not engage in second-guessing." "Selection of the primary theory or theories of defense is a tactical matter."

(Citations omitted.) Moreover, Chiavetta chose the strategy pursued—that she administered the doses of insulin but did not intend to kill her husband.

Finally, we, like the postconviction court, find trial counsel was not ineffective in failing to request a voluntary manslaughter instruction because

factually there was no evidence to support such an instruction. *See* Iowa Code § 707.4 (2003) ("A person commits voluntary manslaughter when that person causes the death of another person, under circumstances which would otherwise be murder, if the person causing the death acts solely as the result of sudden, violent, and irresistible passion resulting from *serious provocation* sufficient to excite such passion in a person and there is not an interval between the provocation and the killing in which a person of ordinary reason and temperament would regain control and suppress the impulse to kill." (emphasis added)); *State v. Thompson*, 836 N.W.2d 470, 476 (Iowa 2013) (stating "'[l]esser offenses must be submitted to the jury as included within the charged offense if but only if they meet both the appropriate legal and factual tests'" (citation omitted)).

We find no reason to disturb the district court's comprehensive and well-reasoned decision. We affirm the denial of Chiavetta's application for postconviction relief. *See* Iowa Ct. R. 21.26(1)(b), (d), (e).

**AFFIRMED.**