# IN THE COURT OF APPEALS OF IOWA

No. 15-1863
Filed March 22, 2017

**DARRYL TYSON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Mary E. Chicchelly, Judge.

Darryl Tyson appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

Darryl Tyson pled guilty to first-degree burglary, second-degree robbery, third-degree sexual abuse, and second-degree theft. The district court sentenced him to prison terms not exceeding twenty-five years, ten years, ten years, and five years respectively and ordered them to run consecutively, for a total of fifty years.

Tyson filed an application for postconviction relief. He claimed his trial attorney was ineffective in failing "to advise [him] that the consecutive sentences were a possibility if he pled guilty" and was ineffective in investigating his case. The district court denied the application following an evidentiary hearing.

On appeal, Tyson contends (1) his "guilty plea was constitutionally deficient" because he "did not understand that he was pleading to consecutive sentences totaling 50 years" and (2) "there was ineffective assistance of postconviction counsel in the presentation of this claim."

## I.     *Understanding of Consecutive Sentences*

Tyson asserts the district court "did not warn" him that his "sentences could be run consecutively" and "never asked" him if he understood the meaning of "consecutive." In his view, these omissions rendered his guilty plea unknowing and unintelligent.

Tyson concedes he failed to file a motion in arrest of judgment challenging this aspect of his plea despite receiving correct advice on the consequences of failing to do so, but he asserts we may review the issue under an ineffective-assistance-of counsel rubric. We agree. To succeed, Tyson must establish (1)

his trial "counsel's performance was deficient" and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Tyson cannot establish deficient performance. During the plea proceeding, the prosecutor summarized the plea agreement, including the prison terms he faced on each charge. The prosecutor ended with the statement, "These sentences are to run consecutively and not concurrently, for a total indeterminate sentence of not to exceed 50 years." The district court reiterated the range of punishment for each charge and elicited a response from Tyson that he understood the range. *See* Iowa Code § 2.8(2)(b)(2) (2015) (requiring the court to inform a defendant of "[t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered"). Although the court did not elaborate on the distinction between consecutive and concurrent sentencing, the meaning was clear: one could only reach fifty years if the sentences on the respective counts were run in succession.

*State v. White*, 587 N.W.2d 240, 243 (Iowa 1998), cited by Tyson, does not alter our conclusion. There, the defendant pled guilty without receiving any advice about consecutive sentences from "any . . . source," including "the judge or defendant's lawyer." *White*, 587 N.W.2d at 241, 243. The supreme court reversed the plea after emphasizing that "[n]o information from any source indicated to the defendant in any way that his maximum possible punishment was twenty years of imprisonment as a result of sentences imposed to be served consecutively." *Id.* at 243. Tyson, in contrast, was informed that he faced up to fifty years in prison. *See State v. Tiegen*, No. 09-0465, 2009 WL 3380065, at *2

(Iowa Ct. App. Oct. 21, 2009) (distinguishing *White* on the ground "the written pleas of guilty show [the defendant] was aware that any terms of incarceration might be imposed to run consecutively, and that his claim his pleas were not knowing and voluntary is thus without merit"). In light of the prosecutor's discussion of consecutive sentencing, we conclude Tyson's attorney did not breach an essential duty in failing to challenge the plea as unknowing and involuntary.

We also are persuaded Tyson was not prejudiced by the omission. *See Castro v. State*, 795 N.W.2d 789, 793 (Iowa 2011) ("The component of the claim involving the voluntariness of the plea is largely tied to the prejudice element of all ineffective-assistance-of-counsel claims. This element means criminal defendants who seek postconviction relief after pleading guilty must establish the guilty plea would not have been entered but for the breach of duty by counsel." (citation omitted)). Tyson's plea attorney testified Tyson realized an advantage in pleading guilty because three of the original charges were class "B" forcible felonies requiring a prison sentence not exceeding twenty-five years each and two of them also carried an eighty-five percent mandatory minimum term. The attorney stated, if Tyson had proceeded to trial and been convicted, he "was very much at risk of having at least one, if not more of the sentences ordered to be served consecutively." The plea removed the mandatory minimum sentence on one count and reduced the mandatory minimum sentence on another count to eighty-five percent of ten years rather than eighty-five percent of twenty-five years.

Having found no breach and no prejudice, we affirm the district court's denial of this ineffective-assistance-of-counsel claim.

## II.   *Claimed Ineffectiveness of Postconviction Counsel*

Tyson contends his postconviction attorney was ineffective in failing to develop a record on trial counsel's claimed ineffectiveness in not (1) investigating an alibi defense, (2) challenging DNA testing, and (3) looking into whether street cameras would have rebutted certain damaging evidence. On our de novo review, we disagree.

Postconviction counsel elicited testimony from Tyson on all these claimed omissions. While Tyson now asserts counsel should have done more, counsel reasonably could have determined less was more. Specifically, the minutes of testimony disclosed that several members of Tyson's family would refute his alibi defense. Counsel would have been remiss in calling them as witnesses. As for the DNA evidence, the minutes disclosed that known samples were compared with a national database. Although Tyson questioned the validity of the information in the database, the minutes revealed that an officer also collected a sample from Tyson when he was questioned about the crime. This sample was sent to the department of criminal investigation for comparison purposes. Again, postconviction counsel risked ratifying the State's proposed evidence had he called a DNA expert to opine on the State's DNA evidence. Finally, with respect to the camera surveillance, Tyson admitted he did not ask his attorney to check if there was surveillance or to question the witness who identified him in a key vehicle. His attorney testified he did not "recall [looking into] anything like that." We presume counsel performed competently and "avoid second-guessing and

hindsight." *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) (citation omitted). On our de novo review, we are persuaded postconviction counsel did not breach an essential duty in failing to develop a record on trial counsel's claimed failures.

We affirm the district court's denial of Tyson's postconviction relief application.

**AFFIRMED.**