# IN THE COURT OF APPEALS OF IOWA

No. 17-0178
Filed March 21, 2018

**SHALONDA DENISE GREEN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.


An applicant appeals the summary dismissal of her third postconviction-relief application. **AFFIRMED.**



Randall L. Jackson of Law Office of Randall L. Jackson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee State.



Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Shalonda Green appeals the district court's summary dismissal of her third application for postconviction relief (PCR) based on the applicable statute of limitations.

Green's application follows a string of litigation, beginning with a jury trial after which she was convicted in November 2002 of murder in the first degree for the death of her six-year-old stepson. Her conviction was affirmed by this court. *See generally State v. Green*, No. 03-0032, 2004 WL 893909 (Iowa Ct. App. Apr. 28, 2004). Procedendo following the initial appeal issued in August 2004. The denial of her first PCR application was affirmed by this court. *See generally Green v. State*, No. 09-0706, 2010 WL 1052079 (Iowa Ct. App. Mar. 24, 2010). The denial of her second PCR application was also affirmed by this court. *See generally Green v. State*, No. 13-1013, 2014 WL 4629531 (Iowa Ct. App. Sept. 17, 2014).

Her third application was filed on July 26, 2016, and asserted the State "erased evidence they thought was irrelevant," namely her polygraph examination, which she had failed.[1] The State resisted, asserting her claim was time-barred. We review the dismissal of a PCR action for errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

All PCR applications must be filed no later than three years from the date the conviction is final or, in the event of an appeal, from the date procedendo is issued. *See* Iowa Code § 822.3 (2016). However, the three-year statute of

---

[1] Green raises the same issue as an ineffective-assistance-of-trial-counsel claim on appeal. Because this claim was not brought in her application for PCR, nor presented to the PCR court, error is not preserved. *See State v. Taylor*, 310 N.W.2d 174, 178 (Iowa 1981).

limitations will not bar a PCR application if there is "a ground of fact or law that could not have been raised within the applicable time period." *Id.* The writ of procedendo following Green's direct appeal was issued in August 2004, almost twelve years before the filing of Green's current PCR application. As the district court found,

> Although she argues that a genuine issue of material fact is generated concerning whether she knew of this alleged destruction of evidence prior to the expiration of the statute of limitations contained in section 822.3, her Application confirms that the latest time Ms. Green became aware of this alleged transgression was during the 2002 trial . . . . Because Ms. Green became aware of this alleged misconduct during trial, she was required to raise it within the three-year limitation period imposed by section 822.3, absent proof of a good reason why she couldn't. She has produced no reason why she could not have done so.

After reviewing the record and the claims made, we agree with the district court's findings and affirm by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**

.