# IN THE COURT OF APPEALS OF IOWA

No. 17-1388
Filed December 5, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**ISAIAH RAMON HENDERSON,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor and John D. Telleen (sentencing), Judges.

Isaiah Henderson appeals his convictions for two counts of delivery of crack cocaine and one count of interference with official acts inflicting bodily injury. **AFFIRMED.**

Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Heard by Vogel, P.J., and Vaitheswaran and McDonald, JJ. Tabor, J., takes no part.

**VAITHESWARAN, Judge.**

Iowa Code chapter 812 (2014) governs the confinement of people found incompetent to stand trial. This appeal raises issues relating to the restoration of competency following a finding of incompetency.

## I.     *Background Proceedings*

After the State charged Isaiah Henderson with several drug-related crimes, his attorney filed an application for a competency hearing. *See* Iowa Code § 812.3. The district court suspended the proceedings and ordered "a psychiatric evaluation to determine whether the defendant [was] suffering from a mental disorder which prevente[ed] [him] from appreciating the charge, understanding the proceedings, or assisting effectively in the defense." *See id.* § 812.3(2). On the same day, Henderson executed a waiver of his ninety-day speedy trial right. *See* Iowa R. Crim. P. 2.33(2)(b). The waiver also was signed by his attorney.

A licensed psychologist and educator determined Henderson was "not competent to stand trial on the charges" but was "very likely to benefit from restoration efforts." At a subsequent competency hearing, the district court "found it appropriate to order that . . . he . . . be further evaluated" for restoration of competency. The court ordered the evaluation to "be performed on an inpatient basis at the Iowa Medical and Classification Center Forensic Psychiatric Hospital." The court noted that Henderson was about to start serving a sentence on an unrelated charge and would "be at the Iowa Medical and Classification Center [(IMCC)] anyway." Per agreement of the State and defense counsel, the court ordered Henderson placed in custody to serve the unrelated sentence.

On receipt of the order, the department of corrections notified the court that

"Mr. Henderson was admitted to the Iowa Medical and Classification Center . . . to serve his prison sentence" on the unrelated case and "[d]ue to his placement at IMCC as an incarcerated individual, he is not eligible for restoration treatment through [the] licensed Forensic Psychiatric Hospital." The department representative expressed a "willing[ness] to revisit this order upon the completion of his incarceration."

In time, Henderson underwent a second competency evaluation. A physician again found him "not competent to stand trial" but reiterated he was a candidate for restoration.

Shortly thereafter, Henderson moved for termination of his placement and the opportunity "to pursue restoration on an outpatient basis." *See* Iowa Code § 812.9(1) (stating a defendant "shall not remain under placement [for restoration due to incompetency] beyond the expiration of the maximum term of confinement for the criminal offense of which the defendant is accused, or eighteen months from the date of the original adjudication of incompetence to stand trial, . . . whichever occurs first"); 812.9(2) ("When the defendant's commitment equals eighteen months, the court shall schedule a hearing to determine whether the defendant is competent to stand trial . . . . If the defendant is not competent to stand trial after eighteen months, the court shall terminate the placement . . . ."). Following a hearing, the district court denied the motion. The court reasoned:

> [T]he Defendant was ordered to the Iowa Medical and Classification Forensic Psychiatric Center for treatment for restoration . . . . He . . . entered the IMCC as a prisoner and as such was classified out to an appropriate facility to serve his sentence. As a prisoner, the defendant was not eligible to be housed in the psychiatric treatment facility for restoration until he had fully served his sentence. The Defendant has not yet completed his sentence.

> Therefore the defendant has not been held for the purposes of restoration treatment past the 18 month period, nor has he been held past the maximum time that the charges he has pending in this case. (ie: 3 Class C felonies and 1 aggravated misdemeanor)

Henderson discharged his unrelated sentence and began competency-restotarion treatment the same day. On August 17, 2016, a psychologist found him competent to stand trial and recommended his "return[] to court to face his current charges." On September 9, the court restored Henderson's competency and reinstated the proceedings.

Henderson filed a series of motions to dismiss the matter with prejudice. The court declined to take action until Henderson served the parties and coordinated a hearing date. On January 31, 2017, Henderson's attorney filed a notice reasserting his speedy trial rights. Shortly therafter, his attorney also requested a hearing on the motions to dismiss.

At the hearing, the district court told Henderson, "[Y]ou are trying to count the time that you were in prison for another case. [The statute] only refers to the case that you're found incompetent for." The court denied the motions.

Two months later, Henderson pled guilty to two counts of delivery of crack cocaine and interference with official acts causing bodily injury. *See* Iowa Code §§ 124.401(1)(c); 719.1(1)(e). The district court accepted the plea and later imposed sentence.

On appeal, Henderson argues (A) "the decision by the Iowa Medical Classification Center to deny treatment . . . while he served an unrelated sentence was a violation of [his] due process rights"; (B) "the district court erred by denying [his] motion to terminate his placement pursuant to Iowa Code section 812.9"; and

(C) his "right to a speedy trial was violated." The State preliminarily responds that Henderson waived his right to raise these challenges when he entered his guilty plea. We find the State's argument dispositive on the first two issues.

## II. Guilty Plea Waived Right to Challenge Delay in Competency Restoration

"A valid plea waive[s] all defenses and the right to contest all adverse pretrial rulings," subject to the exception that a "defendant may attack his or her plea when the plea itself contains intrinsic irregularities or the trial information charges no offense." *Schmidt v. State*, 909 N.W.2d 778, 775 (Iowa 2018). Convicted defendants also may "attack their pleas when claiming actual innocence even if the attack is extrinsic to the pleas." *Id.* at 789; *State v. Bendickson*, No. 18-0229, 2018 WL 4915912, at *3 n.4 (Iowa Ct. App. Oct. 10, 2018) (stating *Schmidt* overruled "cases holding that defendants may only attack the intrinsic nature—the voluntary and intelligent character—of their pleas"). And a defendant may challenge pre-plea actions by counsel on "a showing that the pre-plea ineffective assistance of counsel rendered the plea involuntary or unintelligent." *Castro v. State*, 795 N.W.2d 789, 793 (Iowa 2011).

Henderson does not assert the plea itself contained intrinsic irregularities or the trial information charged no offense. Nor does he raise a free-standing claim of actual innocence under *Schmidt*. We turn to whether pre-plea actions by Henderson's attorney rendered the plea involuntary or unintelligent. *See id.*

Henderson began receiving treatment to restore his competency long before he entered his plea. After he was restored to competency, he filed several motions to dismiss based on the delay in receiving competency-restoration

treatment and his attorney assisted him in obtaining a hearing on the motions. As noted, the district court determined the statutory eighteen-month period to obtain competency treatment excluded time served on the unrelated charge.

The plea proceeding went forward only after Henderson was restored to competency and only after his attorney assisted him in resolving his motions to dismiss based on the delay in competency-restoration treatment. Neither the motions nor the district court's resolution of them implicated the knowing and voluntary nature of the plea. It follows that counsel's pre-plea actions with respect to the delay in restoring competency did not implicate the knowing and voluntary nature of the plea.

Henderson's present due process challenge to the delay in competency-restoration treatment does not fall into any of the established exceptions to the doctrine that "[a] valid plea waive[s] all defenses and the right to contest all adverse pretrial rulings." *Schmidt*, 909 N.W.2d at 775. Henderson's challenge to the district court's pretrial rulings on the same issue also does not fall into any of the exceptions to the waiver doctrine. Accordingly, we conclude Henderson's guilty plea amounted to a waiver of his right to raise the issue on appeal.

## III.    *Speedy Trial*

Henderson's attorney did not move to dismiss the trial information on speedy trial grounds following Henderson's restoration to competency. Henderson contends he was ineffective in failing to do so. The State argues Henderson's guilty plea amounted to a waiver of this challenge. We disagree.

"A plea bargain may provide a basis for waiver of the speedy trial right." *State v. Taylor*, 881 N.W.2d 72, 79 (Iowa 2016) (citing *State v. Utter*, 803 N.W.2d

647, 654–55 (Iowa 2011)). But an allegation that counsel was ineffective in failing to file a motion to dismiss on speedy trial grounds may survive a guilty plea. *Utter*, 803 N.W.2d at 653, *overruled by on other grounds by Schmidt*, 909 N.W.2d at 778. The question is "whether . . . trial counsel breached an essential duty prior to [the] guilty plea [in failing to file a motion to dismiss] and whether this breach rendered [the] plea unintelligent or involuntary." *Id*. at 652.

We conclude Henderson's ineffective-assistance-of-counsel claim premised on the failure to move for dismissal on speedy trial grounds survives the guilty plea. We will address the merits.

"[T]o provide reasonably competent representation when a criminal defendant asserts his or her speedy trial rights, counsel must ensure that the State abides by the time restrictions established in Iowa Rule of Criminal Procedure 2.33. Counsel's failure to do so amounts to a failure to perform an essential duty." *Id*. at 653.

### A.    Ninety-Day Speedy Trial Right

Rule 2.33(2)(b) states:

> If a defendant indicted for a public offense has not waived the defendant's right to a speedy trial the defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

Henderson argues counsel's waiver of his rights under this provision "was neither knowing nor voluntary." In his view, "the speedy timeline was not running anyway due to the stay [in proceedings based on his incompetency] and Trial Counsel had no valid basis to waive speedy trial—with or without Appellant's

informed consent." The treatment delay, he asserts, "resulted in a violation of that speedy trial right regardless of the validity of the stay."

Henderson executed the ninety-day waiver of his speedy trial rights on the same day the district court granted his application for a competency evaluation. The waiver was indeed duplicative of a statutory waiver. *See* Iowa Code § 812.4(1) ("Pending [a competency] hearing, no further proceedings shall be taken under the complaint or indictment and the defendant's right to a speedy indictment and speedy trial shall be tolled until the court finds the defendant competent to stand trial."). But after Henderson's competency was restored, Henderson withdrew the waiver. Henderson pled guilty within ninety days of the withdrawal. *See State v. Hamilton*, 309 N.W.2d 471, 475 (Iowa 1981) ("We therefore hold as a rule of this court that when a waiver of the right to a speedy trial is withdrawn, the defendant must be tried within ninety days from the date of withdrawal unless good cause to the contrary be shown."). Henderson's ninety-day speedy trial right was not violated.

In reaching this conclusion, we have considered the fact that Henderson's attorneys did not immediately reassert Henderson's ninety-day speedy trial rights following his restoration to competency. On this record, we are convinced the delay in reasserting the right fell at Henderson's feet. *See State v. McPhillips*, 580 N.W.2d 748, 756 (Iowa 1998) ("The desire to obtain more time for the defense to prepare for trial rather than force the State to trial within the speedy-trial period is a strategic decision this court will not second guess."). Henderson filed a plethora of motions, including motions to remove his attorneys, which required time to consider. In the face of these motions, it came as no surprise that he personally

signed pretrial-conference records reaffirming his earlier waiver of his speedy trial rights.

On our de novo review of the record, we conclude counsel did not breach an essential duty in waiving Henderson's ninety-day speedy trial rights.

### B.    One-Year Speedy Trial Right

"All criminal cases must be brought to trial within one year after the defendant's initial arraignment . . . unless an extension is granted by the court, upon a showing of good cause." Iowa R. Crim. P. 2.33(2)(c). Henderson contends the right was violated when "the District Court and the IMCC" delayed the competency proceedings. But, as noted above, the district court was statutorily obligated to suspend further proceedings. *See* Iowa Code §§ 812.3(1)–(2); 812.4(1); 812.5(2).

The total time between the filing of the trial information and Henderson's guilty plea, excluding the tolled period, was 278 days. Accordingly, Henderson's one-year speedy trial right was not violated and counsel did not breach an essential duty in failing to file a motion to dismiss on this ground.

We affirm Henderson's judgment and sentence.

**AFFIRMED.**