# IN THE COURT OF APPEALS OF IOWA

No. 17-2080
Filed March 6, 2019

**TIMOTHY TERRELL HINES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Paul D. Miller and Chad Kepros, Judges.

Timothy Hines appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Chad R. Frese of Kaplan & Frese, LLP, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Timothy Hines was convicted of second-degree murder, his conviction was affirmed on direct appeal, and procedendo issued in 2010. Hines filed a postconviction-relief application in July 2017, in which he referenced Iowa's new "stand-your-ground" statutory amendments, which recently took effect. *See generally* 2017 Iowa Acts ch. 69, §§ 37–44. The State moved for summary disposition pursuant to Iowa Code section 822.6 (2017), arguing Hines failed to file his application within three years of the issuance of procedendo and the application was therefore barred by the three-year statute of limitations contained in Iowa Code section 822.3. In his resistance, Hines argued the statutory amendments amounted to "a change in the law that could not have been raised within the applicable time period" and therefore the statute of limitations did not apply.

The district court entered a proposed dismissal ruling finding the statutory amendments do not apply retroactively, are substantive in nature, and therefore do not amount to a new ground of law for statute-of-limitations purposes. The court allowed Hines thirty days to submit a response to the proposed dismissal order. In his response, Hines argued the amendments are remedial in nature and should therefore be applied retroactively. The court disagreed and dismissed Hines's application. Hines appeals. Our review is for correction of errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

"A statute is presumed to be prospective in its operation unless expressly made retrospective." Iowa Code § 4.5. On appeal, Hines concedes "no specific language in the statute makes the application of these changes retroactive." Hines only challenges the court's conclusion that the statutory amendments are

substantive in nature. Likewise, "substantive amendments to criminal statutes do not apply retroactively." *State v. Harrison*, 914 N.W.2d 178, 205 (Iowa 2018). However, "if the statute relates solely to a remedy or procedure, it is ordinarily applied both prospectively and retrospectively." *Dindinger v. Allsteel, Inc.*, 860 N.W.2d 557, 563 (Iowa 2015) (quoting *Anderson Fin. Servs., LLC v. Miller*, 769 N.W.2d 575, 578 (Iowa 2009)). The differences among substantive, procedural, and remedial law have been explained as follows:

> Substantive law creates, defines and regulates rights. Procedural law, on the other hand, is the practice, method, procedure, or legal machinery by which the substantive law is enforced or made effective. Finally, a remedial statute is one that intends to afford a private remedy to a person injured by a wrongful act. It is generally designed to correct an existing law or redress an existing grievance.

*Id.* (quoting *Miller*, 769 N.W.2d at 578). This court has previously concluded the stand-your-ground amendments are substantive in nature. *See State v. Barber*, No. 18-0038, 2019 WL 761631, at *4 (Iowa Ct. App. Feb. 20, 2019). We reaffirm that holding here because the amendments merely "effected a substantive change in permissible conduct." *See Dindinger*, 860 N.W.2d at 563.

Hines's application was untimely. Even if these statutory amendments had taken effect and Hines filed an application within the limitations period, he would still not be entitled to have them applied to his conduct that occurred before their enactment and effectiveness. *See Barber*, 2018 WL 2019 WL 761631, at *4. We affirm the dismissal of Hines's postconviction-relief application.

**AFFIRMED.**