# IN THE COURT OF APPEALS OF IOWA

No. 21-1865
Filed July 13, 2023

**SEAN MICHAEL HILLIARD,**
   Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
   Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

Sean Hilliard appeals the denial of his application for postconviction relief. **AFFIRMED.**

Thomas Hurd of Law Office of Thomas Hurd PLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

Sean Hilliard appeals the denial of his application for postconviction relief. Because he failed to establish prejudice by a preponderance of evidence, we affirm.

**I. Background Facts & Proceedings.**

In 2017, Hilliard was charged with sexual abuse in the second degree for committing a sex act on a minor child.

Before trial, Hilliard, claiming prejudice, filed a motion in limine requesting the court block admission of his criminal history. At a hearing before trial, the court noted Hilliard's past offenses were not character-impugning or credibility offenses, finding "these really have zero value other than to say, This guy is a bad man because he's committed two previous law violations." The prosecutor asked to be able to use the convictions for impeachment if Hilliard testified, and the court deferred its ruling. Also, during the pretrial hearing, counsel stipulated to the admission of the video of Hilliard's police interview, which the jury watched on the second day of trial.[1]

About half an hour into the police interview, Hilliard referred to his criminal history and past character several times. He asserts several of his own statements should have been redacted from the video as violating the court's limine ruling:

- "I'm a retired gangbanger, something like that can get you really beat up."
- "[The minor child's] mother was talking to one of her friends and telling her how that the reason why my girlfriend left me was because of some boys, some little boys, something like that."

---

[1] Counsel also stipulated to the admission of the child's forensic interview. The child testified at trial.

- "I'm trying to get on with my life finally. Probation, I'm this far from getting off, you know I'm just trying to get on with my life, you know, drug cases, I left everything alone. I lost all my friends because I left the drugs alone. I stopped smoking weed. Shockingly, I lost all the friends that used to come by every day because I don't do this no more. I'm [thirty-eight] years old it's time to get on with my life, you know. How long am I supposed to sell drugs? You know what I'm sayin'? I didn't become a millionaire. Yes, I had thousands of dollars you know so I left it alone. The thing is the skill that I have is these hands and the clippers. So I just left everything alone and just focused on, you know, doing my haircutting thing."
- "I'm this far away from over probation and every time I look up it's just something, something new."

At the close of the State's evidence, the parties revisited the motion in limine ruling left open by the court. The court noted Hilliard "mentioned the fact that he was on probation, he sold drugs," and that "He wanted to move on with his life," and the court ruled the State could use the information as needed since it had been brought out. Hilliard chose not to testify and did not present any witnesses in his defense. In closing, the State did not mention Hilliard's criminal history but did mention his past relationship in its rebuttal closing argument, saying, "He broke up with his girlfriend because of something related to boys. What boys, we don't know. He didn't elaborate on."

The jury convicted Hilliard. We affirmed his conviction on appeal, but we found the record inadequate to address his claims of ineffective assistance of counsel and preserved them for postconviction proceedings. *State v. Hilliard*, No. 17-1336, 2018 WL 4923000, at *1–2 (Iowa Ct. App. Oct. 10, 2018).

Hilliard timely filed his application for postconviction relief (PCR), raising his ineffective-assistance-of-counsel claims, specifically "failure to redact recorded interviews" and "failure to request limiting instructions." Under facts supporting his

application, Hilliard explained counsel "failed to redact recorded interview of criminal history" and "stipulated to inadmissible recorded interview." He also further alleged counsel failed to object to improper vouching testimony and inadmissible hearsay testimony.

A postconviction trial was held October 16, 2020. Hilliard was the only witness; his two trial counsel were not called as witnesses by either Hilliard or the State. As exhibits, Hilliard submitted the transcripts from his trial. The court denied his application for PCR, and Hilliard appeals.

On appeal, Hilliard asserts his trial counsel was ineffective for (1) not objecting to the admission of an unredacted version of his police interview in which his criminal history and past character were mentioned; and (2) failing to request a limiting instruction.[2]

## II. Standard and Scope of Review.

We review postconviction proceedings raising constitutional claims, including ineffective assistance of counsel, de novo. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). "A successful ineffective-assistance-of-counsel claim requires proof by a preponderance of the evidence that (1) counsel failed to perform an essential duty, and (2) prejudice resulted." *State v. Bearse*, 748 N.W.2d 211, 214–15 (Iowa 2008). If either ground is not proven, we need not address the other. *See Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

---

[2] In his PCR application, Hilliard also listed "fail[ure] to object to improper vouching testimony" and "fail[ure] to object to inadmissible hearsay testimony" as facts supporting his claim of ineffective assistance of counsel. He does not appeal the court's ruling on those issues.

**III. Analysis.**

Hilliard identified four references in his police interview which he asserts counsel should have objected to and requested redaction because they were not relevant and were prejudicial. Hilliard also asserts counsel was ineffective for failing to request a limiting instruction warning the jury the evidence would be inflammatory.

Even if we found counsel failed an essential duty, Hilliard must prove he was prejudiced by the admission of the unredacted video and lack of limiting instruction. Hilliard asserts the evidence of his guilt "was not overwhelming," and since the child's testimony "was highly conflicting and contradictory" the admission of prejudicial evidence undermines confidence in the outcome. He attempts to relitigate his sufficiency-of-the evidence claim from his direct appeal, with a brief reference at the end to the prejudicial effect of "bad-acts evidence." The implication is the jury would have found Hilliard's version of events—which was only relayed through the police interview video—more credible than the child's if the video had been redacted to omit the statements about his past and the mother's vague comment about the end of his prior relationship.

To prove the requisite prejudice, the applicant must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ledezma*, 626 N.W.2d at 143 (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Irving v. State*, 533 N.W.2d 538, 540 (Iowa 1995) (citation omitted). "General claims of prejudice are insufficient. Mere speculation

is similarly inadequate. The standard is stringent." *Lopez v. State*, No. 03-0590, 2004 WL 360481, at *2 (Iowa Ct. App. Feb. 27, 2004) (internal citations omitted).

Hilliard has not proved prejudice by a preponderance of the evidence. Any prejudice is speculative at best and does not undermine our confidence in the outcome of the trial. *See Ledezma*, 626 N.W.2d at 143. We observed in Hilliard's direct appeal the jury accepted the child's testimony as credible, which it was entitled to do. *See Hilliard*, 2018 WL 4923000, at *3. Hilliard's statements referring to his criminal history were in the context of his rehabilitation, and they were unrelated to the charges at trial and not inflammatory. The statements about what the child's mother said were made in the context of her coming to Hilliard's workplace and making claims about his actions to his boss—actions the child's mother partially testified to during trial. Nor do we find the lack of a general limiting instruction to be prejudicial.[3]

We affirm the district court's ruling.

**AFFIRMED.**

---

[3] It is difficult to evaluate the prejudice of the lack of an instruction when the claimant does not suggest what an appropriate instruction would have been.