# IN THE COURT OF APPEALS OF IOWA

No. 16-0680
Filed May 3, 2017

**CURTIS JOHNSON-JEFFERS III,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

Curtis Johnson-Jeffers III appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Darren J. Robinson of McEnroe, Gotsdiner, Brewer, Steinbach & Rothman P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Bower, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Curtis Johnson-Jeffers III appeals the district court's denial of his application for postconviction relief (PCR). In his PCR application, Curtis claimed, in relevant part, his guilty plea to the charge of stalking was not knowing, intelligent, and voluntary and his trial counsel was ineffective for allowing him to plead guilty to the stalking charge without a factual basis.

"We normally review postconviction proceedings for errors at law." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). However, we review de novo postconviction proceedings that raise constitutional infirmities such as ineffective assistance of counsel. *See id.* In order to prevail on an ineffective-assistance-of-counsel claim, Johnson-Jeffers must prove by a preponderance of the evidence both that (1) trial counsel breached an essential duty and (2) prejudice resulted from that breach. *See id.* at 794.

As to his first claim, Johnson-Jeffers alleges the district court failed to inform him, and he was thus unaware, of certain elements of the stalking charge. Johnson-Jeffers concludes his attorney was ineffective for failing to explain the elements to him and for allowing him to plead without sufficient understanding. Even assuming, arguendo, this were the case, Johnson-Jeffers has failed to show prejudice resulted. *See State v. Liddell*, 672 N.W.2d 805, 809 (Iowa 2003) (noting failure to prove either prong is fatal to an ineffective-assistance-of-counsel claim). Johnson-Jeffers summarily argues that, had the attorney stopped the plea hearing, Johnson-Jeffers plea would not have been entered, therefore prejudice should be presumed. Yet he has cited no authority supporting that we can make such a presumption. *See* Iowa R. App. P.

6.903(2)(g)(3) (requiring a party to provide supportive authority in an appeal brief and stating "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue").[1]

He next argues he "stated, or at least implied, that he would not have ple[d] guilty had he understood the charge of stalking." In the context of a guilty plea, "to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for the counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Straw*, 709 N.W.2d at 138. Courts have previously found such a self-serving statement insufficient to establish prejudice. *See Smith v. State*, No. 09-1518, 2010 WL 4867384, at *6 (Iowa Ct. App. Nov. 24, 2010) ("Even if [the defendant] had unequivocally testified at the postconviction relief hearing that he would not have pled guilty had he been aware of [allegedly undisclosed information], a court does not have to accept this kind of self-serving claim."); *see also McLemore v. State*, No. 02-846, 2004 WL 355699, at *3 (Iowa Ct. App. Feb. 27, 2004). In the present matter, Johnson-Jeffers pled guilty to the following charges: stalking in violation of a criminal protective order, escape, domestic abuse assault causing bodily injury (second offense), and harassment in the first degree, along with no-contact order and probation violations. The district court accepted the pleas and suspended Johnson-Jeffers's sentence in accordance with the plea agreement. As a result, Johnson-Jeffers received a considerably favorable sentence in

---

[1] Nor could we engage in such a practice. *See State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006) (refusing "to adopt a per se rule of prejudice because such a rule would force [courts] to accept conclusory claims of prejudice without the benefit of a true review of the circumstances surrounding the plea").

exchange for his plea. We note he did not file a motion in arrest of judgment to challenge his plea. Only after the suspension was revoked and the original maximum term of ten years of incarceration was imposed did Johnson-Jeffers institute this action. We find Johnson-Jeffers has failed to establish prejudice. *See Cole v. State*, No. 15-0344, 2016 WL 7395722, at *3 (Iowa Ct. App. Dec. 21, 2016) (finding no prejudice where there was "little evidence [the defendant] would have rejected the plea agreement," the State's case against the defendant appeared strong, and the defendant had "received substantial concessions in exchange for his guilty plea").

Johnson-Jeffers also summarily asserts his trial counsel was ineffective for allowing him to plead without a factual basis. *See State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013) ("A factual basis is required for a guilty plea."). However, he simply argues he "lacked an understanding of the elements of stalking" and does not explicate how a factual basis was lacking. Regardless, there was a clear factual basis in the record. "In evaluating whether a factual basis exists to support a guilty plea, we may examine 'the minutes of testimony, statements made by the defendant and the prosecutor at the guilty plea proceeding, and the presentence investigation report.'" *Id.* (citation omitted). "[T]he 'record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate the facts that support the offense.'" *Id.* (citation omitted). Stalking requires, in relevant part, a showing that: (1) "[t]he person purposefully engage[d] in a course of conduct directed at a specific person that would cause a reasonable person to fear bodily injury," (2) "[t]he person ha[d] knowledge or should have [had] knowledge that the specific person w[ould] be

placed in reasonable fear of bodily injury," and (3) "[t]he person's course of conduct induce[d] fear in the specific person of bodily injury." Iowa Code § 708.11(2)(a)-(c) (2011).

The minutes of testimony stated the victim would testify Johnson-Jeffers "ha[d] been engaged in a course of conduct directed at her that cause[d] her to be in fear that she w[ould] be injured and/or killed and that he continue[d] to threaten her and assault her even though he [wa]s prohibited from having any contact with her." By his own admission, he "continued to have contact with her, despite a no-contact order." He admitted he twice had in-person contact with her that involved domestic violence and attempted to communicate with her through social media. The minutes of testimony recount these two in-person encounters. In the first, Johnson-Jeffers entered the victim's bedroom while she was asleep, awoke her, and then hit her in the head approximately nine times with a closed fist, during which time he stated, "I will kill your ass." In the second, Johnson-Jeffers hit the victim twice in the face with a closed fist, prior to which Johnson-Jeffers stated, "If I can't have you I might as well do you in." The minutes of testimony also reflect other threatening messages Johnson-Jeffers sent the victim.[2]

We find there was a factual basis to support Johnson-Jeffers engaged in a course of conduct directed at the victim that would cause a reasonable person, and did cause the victim, to fear bodily injury or death. We further find there is a factual basis to support Johnson-Jeffers knew or should have known she had this

---

[2] One message stated: "Fuck u bitch. I told u ide get away and when I get ya again. It ant gone be nothin nice. fuck ly. nothing to lose. so sleep tight and I hope who ever u call they strapped. we ant never over. only your life."

reasonable fear and that the facts support his actions were purposeful. *See State v. Schminkey*, 597 N.W.2d 785, 789 (Iowa 1999) ("[T]he facts and circumstances surrounding the act, as well as any reasonable inferences to be drawn from these facts and circumstances, may be relied upon to ascertain the defendant's intent."); *see also State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013) (affirming the district court's finding of a factual basis and noting "the minutes of testimony provide sufficient evidence from which a jury could infer that [the defendant] had the requisite intent"). Accordingly, his counsel was not ineffective. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit.").

**AFFIRMED.**