# IN THE COURT OF APPEALS OF IOWA

No. 16-0811
Filed May 17, 2017

**AHKINEA DEON COX,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Marsha A. Bergan, Judge.

Ahkinea Cox appeals the district court's denial of his postconviction-relief application. **AFFIRMED.**

Thomas J. Viner of Viner Law Firm, P.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Ahkinea Cox appeals the district court's denial of his postconviction-relief (PCR) application, challenging the district court's finding trial counsel was not ineffective for failing to prepare a full and fair diminished-capacity defense. Our review is de novo. *See Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). In 2013, Cox pled guilty to one count of robbery in the first degree and two counts of robbery in the second degree. Cox claims he pled guilty "for fear that his attorney was not prepared to present the diminished capacity defense." Following trial on Cox's PCR application, the district court entered a thorough and well-reasoned opinion that provided, in part:

> A review of the three felony court files, as well as consideration of the evidence at the post-conviction trial, leads the Court to conclude that Counsel's zealous representation of Cox in the three robbery cases was significantly beyond the minimum level of competency required by the federal and Iowa constitutions. At one point in 2010, Counsel successfully obtained the dismissals of all three actions against Cox on the basis of the criminal defendant's right to a speedy trial. Once the actions were reinstated pursuant to the procedendo issued by the Court of Appeals, Counsel immediately proceeded to obtain psychologist Jack Baker to testify at trial, filed a lengthy motion to dismiss on the bases of double jeopardy, due process, and equal protection laws, and obtained depositions of Cox's relatives to buttress Cox's defense. Counsel negotiated an extremely favorable plea agreement for Cox. Then, even after Cox had entered pleas of guilty to the robbery charges, Counsel filed an impressive and creative constitutional challenge to the mandatory sentencing provisions in the Iowa Code that follow a conviction of robbery.
> Counsel's assistance of Cox throughout the course of Counsel's representation was diligent. His work was dogged. Counsel's effort in evaluating Cox's competency to stand for trial demonstrates Counsel's zealous representation. Counsel first obtained a competency evaluation from Dr. Frank Gersh, who was unable to reach a conclusion to a reasonable degree of certainty. Counsel then secured Dr. Luis Rosell, who determined that Cox was competent. After psychologist Jack Baker raised the issue of competency along with [his] determination on diminished

responsibility, Counsel again sought leave to conduct a competency evaluation, which was rejected by the Court. After the State's expert Dr. Michael Taylor, who was supposed to evaluate Cox for the purpose of the diminished responsibility defense, reached the conclusion of incompetency, Counsel again sought leave to evaluate Cox's competency to stand trial. This time, the Court determined there was sufficient evidence to find Cox incompetent, suspended all actions against Mr. Cox indefinitely, and committed him to the [Iowa Medical and Classification Center] for treatment.

Evidence shows that Counsel's preparation for the trial . . . is adequate. Counsel resisted the State's effort to exclude psychologist Mr. Baker and Dr. Johnson from testifying on the diminished responsibility defense, filed proposed jury instructions explaining the defense to be raised, filed a motion in limine seeking to exclude statements that would prejudice Cox at trial, and filed a trial memorandum urging the Court to consider the alternative charge of extortion, which carries a lighter sentence.

It is true that Defendant's Notice of Expert Witness, filed back on July 13, 2009, listed only Dr. David Baker. It is clear, however, from the filings immediately before trial that the State expected the defense to call both Dr. Johnson and Mr. Baker. This is shown in the State's Motion in Limine filed on August 12, 2012, in which the State specifically objected to the admission of testimony from Jack Baker regarding the defense of diminished responsibility. Similarly, the defense made abundantly clear its position on the matter when [trial counsel] wrote in Defendant's Trial Memorandum, filed on May 6, 2013, at page 5: "Mr. Cox intends to call Jack Baker, psychologist, and Dr. David Johnson to testify about Mr. Cox's limited ability to think in support of his justification defense."

The district court went on to consider, in the alternative, that even had Cox's trial counsel not intended to call Baker,[1] this would not constitute ineffective assistance, as Dr. Johnson may have been more credible, Baker had less impressive credentials, and Baker had given some problematic testimony during a deposition. We note Cox's trial counsel also testified at the PCR hearing that he was prepared to proceed to trial. On appeal, Cox does not dispute the facts

---

[1] Mr. Baker is sometimes referenced in the record as Dr. Baker. He is identified as a psychologist, but the record is not clear as to whether he has a doctorate or a master's degree.

as outlined by the district court. He simply maintains his trial counsel was not prepared because his trial counsel "was going to call the doctor who evaluated [Cox] in 2008 as to competency instead of the doctor (Dr. Jack Baker) who evaluated Mr. Cox in 2012." Upon our de novo review, we affirm the finding of the district court without further opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**