# IN THE COURT OF APPEALS OF IOWA

No. 17-1965
Filed January 23, 2019

**TROY PATRICK SHEARON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

Troy Shearon appeals the summary disposition of his postconviction-relief application. **AFFIRMED.**

Angela Campbell of Dickey & Campbell Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Troy Shearon was convicted of first-degree murder and robbery. His conviction was affirmed on appeal. *See generally State v. Shearon*, 449 N.W.2d 86 (Iowa Ct. App. 1989). He subsequently filed a postconviction-relief (PCR) application, which was unsuccessful in the district court and on appeal. In the instant PCR action, the district court granted summary disposition to the State. Shearon appeals, raising three issues: (1) federal law requires retroactive application of *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006); (2) we should create a better framework for retroactivity under the Iowa Constitution to provide greater protections; and (3) trial and appellate counsel provided ineffective assistance.

Appellate review of summary disposition rulings in PCR proceedings is for legal error while claims of ineffective assistance of counsel are reviewed de novo. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). In its ruling on the State's motion for summary disposition, the district court considered each of the issues raised in this appeal, provided a thorough and meaningful analysis of each issue, found no genuine issues of material fact, and granted the State's motion for summary disposition as a matter of law. *See* Iowa Code § 822.6 (2014). We agree with the conclusions and ruling of the district court.[1] We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(c), (d), and (e).

**AFFIRMED.**

---

[1] To the extent Shearon asks for re-examination of and changes to Iowa Supreme Court precedents, we are not at liberty to do so. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).