# IN THE COURT OF APPEALS OF IOWA

No. 18-0326
Filed January 23, 2019

**SOMVANG MEKSAVANH,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

Somvang Meksavanh appeals the summary disposition of his application for postconviction relief. **AFFIRMED.**

Amy Moor of Mid-Iowa Mediation and Law PLLC, Ames, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

On October 21, 1996, judgment of conviction was entered against Somvang Meksavanh for possession of a schedule II controlled substance with intent to deliver, a class "C" felony. *See* Iowa Code § 124.401(1)(c)(6) (1996).[1] Meksavanh's sentence of incarceration was suspended, and he was placed on probation.

On May 19, 1997, in two separate cases, Meksavanh was convicted of and sentenced for two counts of possession of more than five grams of methamphetamine with intent to deliver, class "B" felonies. *See id.* § 124.401(1)(b)(7).[2] The prison sentence in the second case was ordered to be served concurrently with the sentence in the first case. On the same date, the court revoked Meksavanh's probation on the previous charge and sentenced him to prison, to be served concurrently with the sentences in the other two cases.

In 2012, Meksavanh was convicted of possession of more than five grams of methamphetamine with intent to deliver as a second or subsequent offender and failure to affix a drug-tax stamp as a habitual offender, a class "D" felony. *See* Iowa Code §§ 124.401(1)(b)(7), .411, 453B.12, 902.8 (2011); *see generally State v. Meksavanh*, No. 12-1878, 2014 WL 3749356 (Iowa Ct. App. July 30, 2014) (affirming challenged possession conviction). Meksavanh subsequently filed two applications for postconviction relief (PCR), the denial and dismissal of which were

---

[1] In his associated written plea of guilty, Meksavanh admitted he engaged in this crime on January 1, 1996.

[2] The plea agreement recited that the criminal act as to one of the cases occurred on November 18, 1996. The trial information as to the second case alleged the criminal act in that case to have occurred on or about November 26, 1996.

affirmed by this court on appeal. *See generally Meksavanh v. State*, No. 16-0096, 2017 WL 2181182 (Iowa Ct. App. May 17, 2017).

Meksavanh filed a third PCR application in July 2017, arguing, among other things, his sentence is illegal because his two prior convictions "cannot have been relied upon nor used for any purpose." The State moved for summary disposition. *See* Iowa Code § 822.6 (2017). At a subsequent hearing, Meksavanh argued that because his three prior convictions were ordered to be served concurrently, they could not be used individually for sentencing-enhancement purposes, and his status as a habitual offender on the tax-stamp charge is therefore illegal.[3] The district court granted the State's motion for summary disposition, concluding, "the grounds raised have been fully adjudicated and/or have no basis in law."

Meksavanh appeals the summary disposition of his application for postconviction relief. Appellate review of summary disposition rulings in PCR proceedings is for legal error. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). On appeal, Meksavanh only challenges the court's finding that the issue raised had been fully adjudicated. Regardless of whether the issue was finally adjudicated, *see* Iowa Code § 822.8 (noting "[a]ny ground finally adjudicated . . . in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application"), the court alternatively concluded Meksavanh's claims "have no basis in law." *See id.* § 822.6 ("The court may grant a motion by either party for summary disposition of the application, when . . . there

---

[3] PCR counsel expressly advised the court that Meksavanh was not challenging the enhancement of his possession-with-intent-to-deliver charge as a second or subsequent offender.

is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.").

Meksavanh argued in the district court that his prior convictions could not be used to enhance his sentence on the drug-tax-stamp charge. On appeal, he argues he is entitled to litigate this issue because it has not been fully adjudicated. As noted, failure to affix a drug-tax stamp amounts to a class "D" felony. Iowa Code § 453B.12. "An habitual offender is any person convicted of a class 'C' or a class 'D' felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States." *Id.* § 902.8.

> [T]his definition requires "each succeeding conviction must be subsequent in time to the previous convictions, both with respect to commission of the offense and to conviction." Consequently, the habitual offender statute only applies when conviction for the first predicate offense occurs before commission of the second predicate offense and conviction of the second predicate offense occurs before commission of the primary offense.

*State v. Parker*, 747 N.W.2d 196, 211 (Iowa 2008) (citation omitted).

Upon a review of the summary disposition record, the following facts are undisputed. In January 1996, Meksavanh engaged in the crime of possession of a schedule II controlled substance with intent to deliver, a class "C" felony. Judgement of conviction was entered in October 1996. Thereafter, in November, Meksavanh engaged in the acts which resulted in his two convictions of possession of more than five grams of methamphetamine with intent to deliver, class "B" felonies. Judgment of conviction was entered on both counts on May 19, 1997. In 2012, Meksavanh was convicted of the tax-stamp violation, a class "D" felony, in relation to criminal acts occurring in 2011.

Here, considering the October 1996 conviction, only one of the May 1997 convictions, and the 2012 conviction, the commission and conviction of the first predicate offense, a felony, occurred before the commission and conviction of the second predicate offense, also a felony, and the commission and conviction of the second predicate offense occurred before the commission and conviction of the primary offense, a class "D" felony. Consequently, Meksavanh qualifies as a habitual offender in relation to the tax-stamp conviction. *See id.* The facts that he had not discharged his sentence for the 1996 conviction, his probation was revoked, and he was ordered to serve the 1996 conviction concurrently with the 1997 convictions has no bearing on the sequence of the commissions of the crimes and their resulting convictions. We agree with the district court that Meksavanh's claim has "no basis in law" and the State was therefore entitled to judgment as a matter of law. *See* Iowa Code § 822.6. We affirm the summary disposition of Meksavanh's PCR application.

**AFFIRMED.**