# IN THE COURT OF APPEALS OF IOWA

No. 17-1789
Filed May 15, 2019

**ERIC CHRISTOPHER MILLER,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.

_____

　　Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


　　Eric Miller appeals the dismissal of his application for postconviction relief.

**AFFIRMED.**

　　Eric C. Miller, Fort Madison, pro se appellant.

　　Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

　　Considered by Mullins, P.J., Bower, J., and Carr, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

Eric Miller appeals the dismissal of his application for postconviction relief (PCR). He asserts he has raised a proper gateway claim of actual innocence to survive summary judgment. We affirm the dismissal of his application for PCR.

In November 2007, Miller was convicted of murder in the first degree for the death of Jamey Brucker. This court affirmed his conviction on direct appeal. *State v. Miller*, No. 07-2051, 2009 WL 249646, at *4 (Iowa Ct. App. Feb. 4, 2009). He filed a first application for PCR, which the district court denied and dismissed, and we affirmed the district court. *Miller v. State*, No. 12-0826, 2014 WL 1746572, at *2 (Iowa Ct. App. Apr. 30, 2014). He filed a second application for PCR, which the district court again denied and dismissed; he did not appeal this decision.

On March 2, 2017, Miller filed this, his third, application for PCR. He asserted actual innocence related to new evidence and other claims. The district court granted summary judgment in favor of the State and dismissed his application. He now appeals regarding his actual innocence claim.

"We normally review postconviction proceedings for errors at law." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). "In determining whether summary judgment is warranted, the moving party has the burden of proving the material facts are undisputed. We examine the facts in the light most favorable to the nonmoving party." *Id.* (citation omitted).

Miller seeks PCR under a gateway claim of actual innocence. Iowa recognizes freestanding claims of actual innocence, in which "the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of

the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence." *Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018). Under a federally-recognized gateway claim of actual innocence, the petitioner "must demonstrate that in light of all the evidence, including the new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* at 791 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). To assert a gateway claim of actual innocence, the petitioner must make an initial showing of an underlying constitutional violation. *Id.*

The Iowa Supreme Court has not adopted gateway claims of actual innocence, and we decline to do so. Even if we were to analyze Miller's claim as a gateway claim of actual innocence, his PCR action would still fail. Federal courts use a two-part test to review gateway claims of actual innocence. *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001). Under the first part, "allegations of constitutional error must be supported with new reliable evidence." *Id.* (citing *Schlup*, 513 U.S. at 327–28). However, Miller has not claimed the necessary constitutional error. *Schlup*, 513 U.S. at 316 (explaining a petitioner's "evidence of innocence need carry less of a burden" in a gateway claim than a freestanding claim due to the underlying constitutional error at trial); *see also Schmidt*, 909 N.W.2d at 797. While Miller claims that imprisoning an innocent person is itself a constitutional violation, a gateway "claim of innocence does not by itself provide a basis for relief." *Schlup*, 513 U.S. at 315. Furthermore, he must introduce "new reliable evidence" to support his claim of constitutional error. *Id.* at 324. We note that under *Amrine*, "evidence is new only if it was not available at trial and could

not have been discovered earlier through the exercise of due diligence." 238 F.3d at 1028 (quoting *Amrine v. Bowersox*, 128 F.3d 1222, 1230 (8th Cir. 1997)). However, most other federal circuits have found evidence is new if it was merely "not presented at trial." *Reeves v. Fayette SCI*, 897 F.3d 154, 161–62 (3d Cir. 2018). For his PCR claim, Miller provided emails from Nicole Tyler, who claims to know a friend or relative of Brucker. He also provides an affidavit from James Dixon, who claims he encountered someone matching Brucker's description a few months before his death. While Miller clearly did not present this evidence at his trial, we doubt it satisfies the more demanding "not available at trial" standard under *Amrine*, 238 F.3d at 1028.

Even if we presume Miller has claimed constitutional error that is supported by new reliable evidence, he must also "establish 'that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Amrine*, 238 F.3d at 1029 (quoting *Schlup*, 513 U.S. at 327). The "*Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). This second part of the test requires consideration of "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial.'" *Id.* (quoting *Schlup*, 513 U.S. at 327–28). Tyler's emails indicate Brucker "was in a dark place" before his death, and Dixon's affidavit indicates Brucker "was manic, up and down between happy and sad" and had "overdosed a lot in the past." To the extent Miller argues Brucker wanted to die, Brucker's allegedly "suicidal intent is no defense" to murder. *See State v. Couser*, 567 N.W.2d 657, 661 (Iowa 1997). Dixon's affidavit also

describes Brucker aggressively pursuing a sexual encounter with him, which ended with Dixon "grab[bing] his hand out of my pants and actually kick[ing] him away." Miller asserts this affidavit enforces his account that Brucker had aggressively pursued a sexual encounter with him and "forced his death with an 'unwanted sexual advance.'" In Miller's direct appeal, we summarized the evidence supporting his conviction and the rejection of his self-defense claim. *Miller*, 2009 WL 249646, at *4. In addition to the fact "Miller openly admitted to killing Brucker," evidence presented at trial showed:

> that Miller routinely drove his vehicle while under the influence of marijuana and alcohol; that he enjoyed firing his shotgun within city limits, often near the interstate; that he punched Brucker in the face when Brucker tried to touch him; that he put a bladed martial arts weapon to Brucker's throat when Brucker was too loud; that he fantasized about slitting someone's throat from ear to ear; that for several weeks he had craved killing another human being; that he was not remorseful for killing Brucker; that he had stolen Brucker's cash and cell phone; that he had destroyed incriminating evidence and attempted to flee after the murder, believing he could escape and possibly kill again; and that he had a dark side and enjoyed committing destructive acts that provided him with a thrill.

*Id.* at *3–4. As we noted, "[t]he record overwhelmingly supports the jury's conviction of Miller for first-degree murder." *Id.* at *3. Even taking the evidence in the light most favorable to Miller, Dixon's description of Brucker's pursuit of a sexual encounter with him does not make it "more likely than not that no reasonable juror would have convicted [Miller] in light of the new evidence." *See Amrine*, 238 F.3d at 1029 (quoting *Schlup*, 513 U.S. at 327).

Iowa does not recognize a gateway claim of actual innocence. Even if we were to recognize a gateway claim, Miller has not shown a constitutional error at trial that is supported with new reliable evidence to establish, more likely than not,

no reasonable juror would have convicted him. Therefore, the district court properly granted summary judgment in favor of the State, and we affirm the district court's dismissal of his application for PCR.

**AFFIRMED.**