# IN THE COURT OF APPEALS OF IOWA

No. 20-0084
Filed May 12, 2021

**RICKY ANTHONY BRANDES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Chickasaw County, Joel A. Dalrymple, Judge.

Ricky Brandes appeals the summary dismissal of his postconviction-relief application. **AFFIRMED.**

William P. Baresel of Prichard Law Office, PC, Charles City, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., Schumacher, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**GAMBLE, Senior Judge.**

Ricky Brandes appeals the summary dismissal of his third application for postconviction relief (PCR). We affirm.

Following a bench trial, Brandes was convicted of first-degree kidnapping and sentenced to life in prison in 2006. Brandes appealed, and this court affirmed his conviction. *See State v. Brandes*, No. 06-0576, 2007 WL 4553478, at *7 (Iowa Ct. App. Dec. 28, 2007). Procedendo issued in February 2008. Brandes filed his first PCR application in 2008. The district court denied his application, and this court affirmed the denial. *Brandes v. State*, No. 11-0941, 2012 WL 5598523, at *4 (Iowa Ct. App. Nov. 15, 2012). Brandes filed his second PCR application in 2016. The district court dismissed Brandes's second application as untimely. *Brandes v. State*, No. 17-0128, 2017 WL 6517176, at *1 (Iowa Ct. App. Dec. 20, 2017). This court affirmed, determining Brandes could not avoid the three-year statute of limitations found in Iowa Code section 822.3 (2016). *Id.* Brandes filed his third PCR application, the subject of this appeal, in 2018. In his application, Brandes claimed his fellow perpetrator, Travis Alve, "wants to have a chance to tell the courts he lied to the courts about [Brandes]. He wants to be heard." The State moved for summary dismissal. Following a hearing on the State's motion wherein Brandes testified, the district court dismissed Brandes's application as untimely. *See* Iowa Code § 822.6(3) (2018) (authorizing summary dismissal of PCR actions). Brandes appeals.

We review PCR actions for legal error, including summary dismissals of PCR applications. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

Iowa Code section 822.3 requires that applications "be filed within three years from the date . . . procedendo is issued." "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. Brandes concedes his third PCR application was filed beyond the three-year statute of limitations. But he asserts Alve's willingness to testify amounts to newly discovered evidence sufficient to bypass the three-year limitation. Brandes claims he was unaware of Alve's willingness to testify in his favor until 2018. At the hearing on the State's motion to dismiss, Brandes testified he encountered Alve when they were transferred to the same prison and Alve told him "he would recant some of the things that he alleged that [Brandes] did and swore he wouldn't let [Brandes] do a life sentence."[1]

Brandes's use of the word "recant" implies Alve testified against Brandes at the criminal trial. He did not. Alve may have made some statements unfavorable to Brandes during his own plea negotiations, but Alve did not testify at trial. Further, Brandes's report of Alve's proposed new testimony is vague and uncertain. Brandes testified, "[Alve] said that he would take back that I didn't bring her and I didn't hold her against her will and I didn't beat her up and things like that, and that he had it all wrote down on paper and I got that paper somewhere." Brandes did not produce Alve's purported written statement. Brandes failed to demonstrate how the statements Alve allegedly made to him in prison are different

---

[1] In his third application for PCR, Brandes stated Alve pleaded guilty. It is not clear from our record whether Alve pleaded to a lesser charge and was subject to a lesser term of imprisonment or if he pleaded guilty to first-degree kidnapping.

from the information that was available to Brandes in his two prior PCR proceedings.[2]  All we are left with is Alve's apparent willingness to testify now.

We do not consider Alve's willingness to testify as newly discovered evidence sufficient to bypass the statute of limitations.  When addressing Brandes's second PCR appeal we stated,

> Brandes suggests . . . testimony of a co-defendant[3] would provide a new ground of fact or law [to bypass the statute of limitations]. Again, we fail to see why this could not have been raised within the applicable time period.  Brandes again fails to make any argument in support of his contention.  We reject this argument.

*Brandes*, 2017 WL 6517176, at *1.  We view Brandes's current claim to effectively be his old argument wearing a new hat.  And we reject it again for the same reason—Brandes provides no explanation as to why he was unable to discover and raise Alve's willingness to testify within the three-year statute of limitations. *See* Iowa Code § 822.3 (providing a new ground of fact may only be used to bypass the statute of limitations when the new fact could not have been raised within the three-year limitation).  So the district court did not err in dismissing Brandes's third PCR application as time-barred.[4]

**AFFIRMED.**

---

[2] When ruling on Brandes's first PCR, the district court determined defense counsel was not ineffective for failing to secure Alve's testimony.  So we assume that during the first PCR, Brandes argued Alve would have provided beneficial testimony, which the court ultimately rejected.

[3] Alve was Brandes's only co-defendant.

[4] The State also argues the district court properly dismissed Brandes's application pursuant to Iowa Code section 822.8, which requires an applicant to raise all grounds for relief in their "original, supplemental, or amended application." However, it is "unnecessary to address section 822.8, which presumes a timely filed application." *McCoy v. State*, No. 17-1919, 2020 WL 3263924, at *3 (Iowa Ct. App. June 17, 2020) (Vaitheswaran, J., concurring specially).