# IN THE COURT OF APPEALS OF IOWA

No. 21-0954
Filed August 3, 2022

**ALVIS T. SAYEE,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marion County, Martha L. Mertz, Judge.

Alvis Sayee appeals the denial of his application for postconviction relief. **AFFIRMED.**

Heidi Miller of Gribble, Boles, Stewart & Witosky Law, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**TABOR, Judge.**

Alvis Sayee pleaded guilty to lascivious acts with a child. After judgment and sentencing, he sought postconviction relief (PCR). He now appeals the PCR denial, alleging trial counsel was ineffective in failing to investigate text messages on the victim's phone, claiming they were doctored by the victim's mother. Because Sayee did not show his counsel's performance was deficient, we affirm.

Twenty-year-old Sayee rendezvoused at a Super 8 with a girl whom he met online. They spent the weekend together. Meanwhile, the girl's mother reported her missing. On her daughter's phone, the mother found "chats" with Sayee, and alerted police. After arresting him, the officers read texts that Sayee had sent "proposing sex" with the girl. During his police interview, Sayee also admitted the sexual nature of the encounter.

The State charged him with enticing a minor, two counts of sexual abuse, and harboring a runaway child. He later accepted the prosecutor's plea offer to one count of lascivious acts with a child in violation of Iowa Code section 709.8(1)(b) (2019). Sayee claimed at the plea hearing that he thought the victim was sixteen years old. But he acknowledged she was only thirteen when he encouraged her to touch his genitals.

A few months after the district court sentenced Sayee to a suspended ten-year term, he applied for PCR. He alleged ineffective assistance of counsel for not investigating the authenticity of text messages attributed to him.

In a deposition, Sayee's trial counsel defended his strategy:

> [T]he text messages, in my interpretation and my analysis of the case, although they were not good with regard to the defense of my client—they were incriminating—they weren't the key focus of my

defense of my client. There were more important things that I was worried about trying to defend, such as his admissions.

But if I recall correctly, the text messages came from the girl's phone, because her mom allowed the officers to access it.

The district court denied relief, explaining that Sayee did not show how investigating the text messages would have changed the voluntariness of his guilty plea. What's more, the court found, "Trial counsel's pretrial investigation was more than adequate."

We ordinarily review PCR proceedings for errors at law. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). But we review claims of ineffective assistance of counsel de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). PCR applicants who allege ineffective assistance must show counsel breached a duty and prejudice resulted. *Castro v. State*, 795 N.W.2d 789, 794 (Iowa 2011). On the duty prong, Sayee must prove trial counsel performed below the standard demanded of a "reasonably competent attorney" as measured by "prevailing professional norms." *See Strickland v.* Washington, 466 U.S. 668, 687 (1984).

A challenge to counsel's performance in a guilty-plea case requires different proof than for a conviction following trial. That is because a defendant generally "waives all defenses and objections to the criminal proceedings by pleading guilty, including claims of ineffective assistance of counsel." *Castro*, 795 N.W.2d at 792. But we recognize an exception to that waiver for claims "predicated on the failure of counsel to perform certain pre-plea tasks that ultimately render the plea involuntary or unknowing." *Id.* at 792–93 (citing *State v. Carroll*, 767 N.W.2d 638, 642 (Iowa 2009)). Thus, when an applicant properly alleges ineffective assistance after a guilty plea, we must decide whether counsel breached a duty before the

plea and whether any such breach rendered the plea unintelligent or involuntary. *See Carroll*, 767 N.W.2d at 644.

Without question, defense counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Highlighting that duty, Sayee argues, "An investigation into the validity and source of the text message was necessary to call into question the credibility of the alleged victim and therefore necessary to present an adequate defense on [his] behalf."

But as trial counsel detailed in his PCR testimony, in representing Sayee, he reviewed the county attorney's file, including police reports, statements, and a video-recorded interview with his client. Counsel also visited Sayee several times at the jail. And he deposed the State's witnesses. After depositions were completed, the State offered to amend the trial information to a single, non-forcible felony, which allowed Sayee to argue for probation. After "talking about the benefits" of that offer with defense counsel, Sayee decided to plead guilty. At that stage, counsel reasonably could have believed that further investigation was "unwarranted." *See Ledezma*, 626 N.W.2d at 145 (noting "the duty to investigate is not unlimited"). Because Sayee failed to show counsel performed below constitutional norms, we need not reach the prejudice question. *See State v. Russell*, 897 N.W.2d 717, 730 (Iowa 2017) ("[I]f one prong is not met, the other need not be addressed."). We thus affirm the dismissal of his PCR application.

**AFFIRMED.**