# IN THE COURT OF APPEALS OF IOWA

No. 21-1662
Filed March 8, 2023

**MICHAEL ALON DAVIS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

        Michael Davis appeals the summary dismissal of his sixth application for postconviction relief.  **REVERSED AND REMANDED.**

        Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

        Considered by Badding, P.J., Chicchelly, J., and Gamble, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**GAMBLE, Senior Judge.**

In 1997, Michael Davis was convicted of first-degree kidnapping, second-degree sexual abuse, and aggravated assault, but the district court merged his sexual abuse conviction into the kidnapping conviction. *State v. Davis*, 584 N.W.2d 913, 915 (Iowa Ct. App. 1998). This court affirmed his convictions. *Id.* at 919. Procedendo issued on October 22, 1998. Since then, Davis has brought five unsuccessful postconviction-relief (PCR) actions before bringing the current action—his sixth. This appeal stems from the summary dismissal of his sixth PCR application, originally filed in 2019.

We review PCR actions for legal error, including summary dismissals of PCR applications. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). When completing our review of summary dismissals of PCR actions, we apply our summary judgment standards. *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). "We view the record in the light most favorable to the nonmoving party" and "draw all legitimate inferences from the record in favor of the nonmoving party*." Id.* Summary dismissal is only proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

As a threshold issue, we must consider whether Davis can bypass the statute of limitations before we consider the merits of his claims. Iowa Code section 822.3 (2019) requires that applications "be filed within three years from the date . . . procedendo is issued." "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. Davis relies on a ground-of-fact exception to get around the three-year statute of limitations. Specifically, Davis claims the State

failed to provide him a VHS tape recording of two witness interviews that he claims would have benefitted his defense.[1]

To satisfy the ground-of-fact exception to section 822.3, Davis must establish both "that he . . . could not have raised the ground of fact within the limitations period" and "a *nexus* between the asserted ground of fact and the challenged conviction."[2] *Moon*, 911 N.W.2d at 143 (citation omitted).

In Davis's amended PCR petition, he claimed the VHS tape "could not have been discovered in the exercise of due diligence because it was not produced by the prosecution to trial counsel through the discovery process and [Davis] did not know the interviews existed." Davis also explained in a Memorandum of Law filed with his PCR application that a private investigator discovered the VHS tape, that it was never disclosed to Davis, and it was never made available. We take this to mean Davis is asserting he could not have raised the ground of fact, the VHS tape, within the statute of limitations because it was concealed from him.

The State's motion for summary judgment included an exhibit—an official evidence list from the Davenport Police Department for Davis's case identifying

---

[1] The VHS tape is not in the record.

[2] Davis confuses the ground-of-fact exception with the substantive newly-discovered-evidence test. This is not an uncommon mistake. *See Moon*, 911 N.W.2d at 143 ("The district court in the instant case reached its holding through a merits analysis of a newly-discovered-evidence claim rather than applying the ground-of-fact standard we clarified in *Harrington*[ *v. State*, 659 N.W.2d 509 (Iowa 2003)]. We again emphasize the ground-of-fact exception pursuant to section 822.3 is not the same as a substantive claim for postconviction relief based on newly discovered evidence pursuant to section 822.2(1)(d).").

In fact, the PCR court also incorrectly used the newly-discovered-evidence test rather than the ground-of-fact exception in its summary judgment ruling. However, Davis does not raise this error on appeal. We follow *Moon*'s lead and apply the correct test to determine if Davis's claim is time-barred or if the ground-of-fact exception applies. *See id.*

item # 8, an "interview tape" of the two witnesses identified by Davis. However, it is not clear that the State ever produced this evidence list to Davis prior to this PCR or that Davis ever had access to it. And while the State argues it produced the videotapes to Davis's original PCR counsel, this attorney has indicated "he did not have any videos in his file as it was not pertinent to his part of the case." "Accordingly, viewing the record and drawing all legitimate inferences therefrom in the light most favorable to [Davis], we find a genuine issue of material fact exists as to whether [Davis] could have raised the ground of fact earlier." *See id.* at 144.

Second, we consider the nexus between the VHS tape and Davis's conviction. *See id.* at 143. Davis contends the contents of the recorded interviews could have been used to impeach State witnesses. And he claims the VHS tape contradicted evidence presented by the State at his criminal trial, that the witnesses told the police the event giving rise to his criminal convictions lasted only five minutes; that it was not loud; and that there was no blood in the bathroom or on the alleged victim. So without reaching the merits of these statements, we conclude for purposes of the ground-of-fact exception, that the VHS tape has the *potential* to qualify as material evidence. *See id.* at 144. Therefore, we conclude there is a nexus between the VHS tape and Davis's conviction. *Id.*

After applying the correct legal standard for determining the ground-of-fact exception, we conclude there is a genuine issue of material fact as to whether Davis could have raised the ground of fact earlier to avoid the statute of limitations. Accordingly, the district court erred in dismissing Davis's PCR application based on the time bar in section 822.3.

We end our review here and do not proceed with a *Brady* analysis or newly-discovered-evidence analysis as was done in *Moon* because we think to do so would be premature without access to the VHS tape at the center of this case.[3] Instead, we remand to the district court for further proceedings.

**REVERSED AND REMANDED.**

---

[3] We note the district court's *Brady* analysis and newly-discovered-evidence analysis were flawed in that the court made factual findings in the context of an erroneous analysis of the statute-of-limitations issue.