# IN THE COURT OF APPEALS OF IOWA

No. 24-0292
Filed October 2, 2024

**NEIL SEAN EVANS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Plymouth County, Tod Deck, Judge.

The applicant appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., and Ahlers and Badding, JJ.

**GREER, Presiding Judge.**

Neil Evans appeals the denial of his application for postconviction relief (PCR). Evans challenged his conviction for operating while intoxicated (OWI), third offense, claiming he received ineffective assistance from trial counsel, which led him to plead guilty. He maintains that if he had been properly advised that pleading guilty would waive his right to challenge the denial of his motion to suppress, he would have instead elected to proceed to a stipulated trial. Following our de novo review, we agree with the district court that Evans failed to establish a breach of duty, so his claim fails.

**I. Background Facts and Proceedings.**

Late one night in 2018, the vehicle Evans was driving was stopped by a police officer after Evans's ex-girlfriend called 911 claiming Evans was pounding on her door in an intoxicated state and had just left her residence in a blue truck. Prior to the stop, the officer knew from a radio communication that Evans's driving privileges were revoked. As a result of the stop, Evans was arrested for OWI, third offense; he submitted to breath testing on a certified device, which showed an alcohol concentration of 0.179.

Evans moved to suppress evidence obtained during the stop as fruit of an unlawful search and seizure, alleging the officer lacked probable cause or reasonable suspicion of a crime at the time he initiated the stop. The court found the stop and the resulting search to be justified and reasonable. It denied Evans's motion to suppress.

Evans reached a plea agreement with the State and pled guilty to OWI, third offense, in violation of Iowa Code section 321J.2 (2018). Evans was also charged

with driving while revoked in violation of section 321J.21. As part of the plea deal, the State dropped the driving-while-revoked charge. During the plea hearing, the court apprised Evans of the rights that he would forfeit by pleading guilty, consistent with Iowa Rule of Criminal Procedure 2.8(2)(b) (2018). The court asked Evans if he understood that he was giving up the rights recited by the court; he responded in the affirmative. Neither the court nor Evans's trial attorney informed him that he was giving up the right to appeal the adverse suppression ruling.

After Evans filed a direct appeal, which was denied, he then applied for PCR, claiming ineffective assistance of trial counsel. At the PCR hearing, Evans testified that he would not have pled guilty had he been informed that a guilty plea forfeited his right to appeal his adverse suppression ruling. Evans argued that his counsel's failure to inform him of the forfeiture of his rights constitutes ineffective assistance of counsel.[1] No other witnesses testified. The district court denied Evans's PCR application.

Evans appeals.

**II. Standard of Review.**

While we generally review PCR rulings for correction of errors at law, we review allegations of ineffective assistance of trial counsel de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

---

[1] Evans raised this same argument on direct appeal. A panel of this court concluded the record was inadequate to address the merits of Evans's claim and preserved it for PCR proceedings. *See State v. Evans*, No. 19-0801, 2020 WL 7868117, at *2 (Iowa Ct. App. Dec. 16, 2020).

**III. Discussion.**

Broadly, to establish ineffective assistance of counsel, Evans must prove both that (1) his trial counsel performed outside the reasonable bounds of competence and (2) but for counsel's unprofessional errors, there would be a reasonable probability of a different outcome at trial. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 694 (1984). Because Evans claims ineffective assistance after pleading guilty, to prove prejudice, he "must establish the guilty plea would not have been entered but for the breach of duty by counsel." *See Castro v. State*, 795 N.W.2d 789, 793 (Iowa 2011); *accord id.* at 792–93 (recognizing that while entering a guilty plea "waives all defenses and objections to the criminal proceedings," a claim of ineffective assistance of counsel survives when "the pre-plea ineffective assistance of counsel rendered the plea involuntary or unintelligent").

Picking up from the PCR trial, here, Evans argues that trial counsel performed below reasonable standards by failing to apprise him that pleading guilty waived his right to challenge the denial of his motion to suppress. We understand Evans's argument to be one of an unintelligent or involuntary plea, as Evans argues that he would not have entered into the plea agreement had he been properly informed of the forfeiture of his rights. The district court found that Evans failed to establish deficient performance of trial counsel, show any prejudice, or prove there was an involuntary or unintelligent plea of guilty. Further, as a credibility finding, the district court noted Evans benefited from a favorable plea agreement where one count was dismissed and he was given an opportunity for

probation on the remaining count,[2] thus discounting Evans's assertion he would not have pled guilty if he had been informed of his inability to challenge the suppression ruling.

Iowa Rule of Criminal Procedure 2.8(2)(b) sets forth requirements that the court must verify a defendant understands before accepting a guilty plea to ensure the plea is voluntarily and intelligently made.  Specifically, here, during the plea proceeding the court informed Evans "[a speedy and public trial] will be waived if you plead guilty.  There will be no trial of any kind."  Of which Evans acknowledged his understanding.  And rule 2.8(2)(b) does not list a requirement to inform the defendant that pleading guilty waives the right to challenge a suppression ruling.  So, Evans asks this court to look beyond rule 2.8(2)(b) to decide what information trial counsel is required to impart, effectively raising the floor of required disclosures.

The request raised by Evans was decided by a panel of this court in *State v. Pfeiferling*, No. 17-0296, 2018 WL 1182621, at *1 (Iowa Ct. App. Mar. 7, 2018).  In *Pfeiferling*, the defendant "was not informed that by pleading guilty, he was waiving his right to appeal the court's adverse ruling on his motion to suppress."  2018 WL 1182621, at *1.  Similar to Evans's assertion, Pfeiferling "argue[d] his trial counsel was ineffective for permitting the plea to proceed."  *Id.*  The panel ruled:

> Nothing in the rule requires apprising defendants that pleading guilty waives the right to attack an adverse suppression ruling.  Accordingly, Pfeiferling's counsel did not breach an essential duty in allowing the plea to proceed without informing Pfeiferling that by pleading guilty, he was waiving his right to appeal the court's adverse ruling on his motion to suppress.

---

[2] The court dismissed the companion charge of driving while revoked.

*Id.* (footnote omitted).

We are not required to follow the guidance of previous unpublished cases decided by this court. *See* Iowa R. App. P. 6.904(2)(a)(2) (2024) ("Unpublished opinions or decisions of a court or agency do not constitute controlling legal authority, but they may be cited as providing persuasive reasoning."). But we find no reason to depart from the analysis presented in *Pfeiferling* because Evans presents a nearly identical fact pattern and rule 2.8(2)(b) did not change between the time of the guilty plea in *Pfeiferling* and Evans's guilty plea. *See* 2018 WL 1182621, at *1. Thus, we are persuaded by the reasoning of the *Pfeiferling* court and echo it: the Iowa Rules of Criminal Procedure specify the requirements for a knowing and voluntary plea; because the rules do not require apprising Evans that pleading guilty waives his right to challenge the denial of his motion to suppress, we do not find a breach of essential duty. With all these factors considered, because Evans's counsel acted within professional norms, Evans's claim fails on the first prong of the *Strickland* test. *See Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016) (recognizing that if an applicant fails to establish either element, "we need not address the remaining element" (citation omitted)).

## IV. Conclusion.

Because Evans cannot establish trial counsel's performance fell below reasonable standards, his claim of ineffective assistance fails. We affirm the district court's denial of his application for PCR.

**AFFIRMED.**